*SM*

**RECEIVED**

*et* · **OCT 2 1 2019**

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

1
2
3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

ANNA CHRONIS,

     *Plaintiff,*

vs.

TAMIKA ALEXANDER, M.D.
UIH-MILE SQUARE HEALTH CENTER,
CENTERS FOR MEDICARE AND
MEDICAID, DEPARTMENT OF
HEALTH & HUMAN SERVICES
UNITED STATES OF AMERICA[1],

     *Defendants*

Case Nos.: _____

**CIVIL ACTION**

**COMPLAINT AND JURY DEMAND**
**MEDICAL MALPRACTICE/ CIVIL**
**RIGHTS - OTHER**

     1:19-cv-06909
     Judge Matthew F. Kennelly
     Magistrate Judge Jeffrey T. Gilbert

---

4
5

## COMPLAINT

6

### I.    INTRODUCTION

7    On June 8th, 2017, Plaintiff ANNA CHRONIS, filed a civil malpractice

8    complaint[2] in the First District of Circuit Court of Cook County, against Tamika

9    Alexander, MD, and UNIVERSITY OF ILLINOIS AT CHICAGO (D/B/A UI HEALTH-

10    MILE SQUARE) pursuant to 735 ILCS §5/2-622, the Healing Arts Malpractice Act,

11    alleging: 1) Professional (Medical) Gross Negligence/Breach of Care Causing Physical

---

[1] Plaintiff assumes US Attorney will be consistent and issue another replacement Order.
[2] Cook County Circuit Court Case Number *2017-M1-301196*

1    Injury, 2) Willful Misconduct and Willful Negligence  3)  Malicious Intent/Delay of Care

2    by Obstructing Due Process.[3]

3            On August 4, 2017, the Government removed the case to the Northern District of

4    Illinois, Eastern division, and filed a substitution order on August 10, 2017, thus having"

5    certified University of Illinois Mile Square Health Center and Tamika Alexander, M.D.

6    as "a private entity receiving grant money from the Public Health Service pursuant to 42

7    U.S.C. §233" *[Dkt. No. 1B]* [4].  On August 11, 2017, the Judge, Amy St. Eve, issued an

8    order instructing the parties to use MIPS to resolve their dispute.  On the same day, The

9    U.S. Department of Justice, moved to dismiss the complaint on grounds that Ms. Chronis

10   did not present an administrative tort claim to the Department of Health and Human

11   Services, prior to commencing her litigation. Ms. Chronis filed an Objection to the

12   Motion to Dismiss on August 17, 2017.  The District Court granted the government's

13   motion, [Dkt. No. 20, Exhibit B] was entered on September 8, 2017.  The order maintains

14   that proper administrative appeals have not been exhausted with the relevant agency, thus

15   dismissing the **complaint without Prejudice.** Ms. Chronis successfully noticed her

---

[3] Under the Medical Corporations Act, UIH HOSPITAL is vicariously liable for the negligence of a physician who is the apparent agent of the hospital or medical corporation *Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 622 N.E.2d 788, 190 Ill.Dec. 758* (1993); *York v. Rush-Presbyterian-St. Luke's Medical Center, 222 Ill.2d 147, 854 N.E.2d 635, 305* Ill.Dec. 43 (2006). Accordingly, the Cook County Court of the State of Illinois had jurisdiction over this matter pursuant to Article VI, section 6, of the Illinois Constitution and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. Jan. 1, 2015). The filing was timely as stipulated by 735 ILCS 5/13 – 202.

[4] Dockets have been filed under Exhibit A for the Federal District court Case, the 7th Circuit of Appeals and the Cook County Court if interested parties want to reference previous documents referenced in the predecessor cases.

2

1    Appeal of the Order on October 11, 2017.  The Key issue was whether the submission by

2    Anna Chronis to CMS on November 7, 2015 constituted a claim that would satisfy the

3    four requirements under FTCA for a valid tort claim.

4          On 29 July 2019, the 7th Circuit of Appeals affirmed the lower court's decision,

5    and on September, 20, 2019 filed a Certified Copy of the Opinion Recorded. [Exhibit E]

6    In accordance with the court ruling and the Equitable Tolling of the time to file via the

7    Administrative and legal proceeding, Anna Chronis, having Exhausted her

8    Administrative Remedies is **re-filing her Medical Malpractice and Civil Rights case**

9    **against Tamika Alexander, UI Health, the Center for Medicaid and Medicare,  and**

10    **the US Department of Health and Human Services in Federal Court.**

11

12    **II.**    **JURISDICTION AND VENUE**

13          Via Ms. Chronis' Civil Case Filing and Appeals Process we found the

14    UIH Health deemed a "Federally Qualified Health Center", and with all Administrative

15    Appeals Exhausted [see Exhibit C, and Procedural Summary – Administrative Procedure

16    in Section III-B of this complaint],  the Northern District of Illinois has jurisdiction to

17    hear this case under  42 U.S.C. §233 and 28 U.S.C. §§ 1346(b) and 2672 and under 42

18    U.S.C. §1983 as the sole remedy for damages for personal injury from the performance

19    of medical or related functions for any Public Health Service Employee acting within the

20    scope of his or her office or employment is the Federal Government.

1           The Filing is timely, as stipulated by 735 ILCS 5/13-202. The medical

2    malpractice case in State Court was filed in State Court within 2 years of the Incident

3    with all appropriate and necessary documentation (See Docket in Exhibit A for Cook

4    County Case 2017-301196). Upon certification and removal, in accordance with 28

5    U.S.C. Chapter 171 U.S.C. §2679(d)(5) under §2401(b) Ms. Chronis filed her curative

6    Administrative Claim on October 30, 2017, within 60 days of Judge St. Eve September

7    8,2017 **dismissal without prejudice** to the appropriate federal agency, DHHS within 60

8    days of dismissal of the civil action while in parallel pursuing her Administrative

9    Appeal.[5]

10          All Final Determinations from the Department of Health and Human Services

11    from the Form 95 filing by Ms. Chronis on October 26[th,] 2017[6] are included in *Exhibit C,*

12    of this Complaint. On October 31, 2018, as the Appeals case moved forward, the DHHS

13    denied Ms. Chronis' claim. On April 30th, 2019, per Instructions from the Department of

14    Health and Human Services, Ms. Chronis' in a timely manner, given the "mail box rule",

15    filed a Motion for Reconsideration. That Motion for Reconsideration was denied

16    (Exhibit C, letter from DHHS dated August 7, 2019). allowing Ms. Chronis, the final

---

[5] Per *Westfall, Ms. Chronis filed her Administrative Appeal in accordance with the laws governing the equitable tolling exemptions for FTCA dismissals due to the exhaustion of Administrative Options*

[6] Received by DHHS on October 30, 2019

1    exhaustion to file her claim in Federal Court, within 6 months of the "final denial of the

2    Reconsideration".

3    ### III.    PROCEDURAL HISTORY

4    **A. Litigation History**

5    On June 8th, 2017, Plaintiff ANNA CHRONIS, filed a civil malpractice complaint

6    in the First District of Circuit Court of Cook County, against Tamika Alexander, MD,

7    and UNIVERSITY OF ILLINOIS AT CHICAGO (D/B/A UI HEALTH-MILE

8    SQUARE) pursuant to 735 ILCS §5/2-622, the Healing Arts Malpractice Act, alleging: 1)

9    Professional (Medical) Gross Negligence/Breach of Care Causing Physical Injury, 2)

10    Willful Misconduct and Willful Negligence 3) Malicious Intent/Delay of Care by

11    Obstructing Due Process. The filing was timely as stipulated by 735 ILCS 5/13 – 202.

12    On August 4th, 2017, UIH Health's attorneys, Arnstein & Lehr filed an

13    appearance in State Court on behalf of UIH Hospital and removed the case to Federal

14    Court, designating the clinic and the provider as a "Federally Qualified Health Center", a

15    designation that Ms. Chronis had challenged due to a) the failure to represent themselves

16    as such, b) the administrative procedures that they demanded that all of the plan

17    participants follow that are inconsistent with providers that are Designated "Federally

18    Qualified Health Plans".

19    On August 10th, 2017 the Federal Government filed a "substitution

20    order". The Case was filed under United States District Court Case Number 17 C 5838

1    and assigned to Honorable Judge St. Eve. On August 11th, 2017 the US DoJ filed a

2    Motion to Dismiss due to a lack of Exhaustion of Administrative Remedies. On August

3    17th, 2017, Anna Chronis filed an Objection to the Motion to Dismiss filed by the US/

4    DoJ.

5               On September 8, 2017, United District Court Judge Amy J. St. Eve issued

6    a final opinion exercising the jurisdiction the court had under 28 U.S.C. §1346(b)(1) and

7    dismissed Anna Chronis' complaint <u>without prejudice</u> on September 8, 2017 [Exhibit B].

8    The district court granted the Government's motion, determining that Ms. Chronis had

9    not contacted the "appropriate *federal* agency", in this case the Department of Health and

10   Human Services, and that CMS believed it was responding to Chronis' "professional

11   regulation allegations and not an administrative claim". *Chronis v. United States, No. 17*

12   *C 5838, 2017 WL 6462346 at \*2 (N.D. ILL Sept. 8, 2017).* The District Court also

13   concluded that, even if Ms. Chronis had properly presented a claim to the appropriate

14   federal agency, she failed to allege that the agency had denied her claim – as required

15   under the FTCA. *Id.*

16            On October 6, 2017, Anna Chronis timely noticed her appeal. The

17   Seventh Circuit of Appeals had jurisdiction to hear and did hear the appeal under 28

18   U.S.C. §1291 under Case Number 17-3093.

19          On March 26, 2018 the 7th Circuit Court of Appeals issued an Order after having

20   "reviewed the appellant's pro se brief, the appellee's response, and the record on appeal,

21   the court determined that it would benefit from Additional briefing and Oral Argument in

22   accordance with R. APP. P. 34(a)(2)(C). Specifically, the court requested additional

1    briefing on whether the November 8, 2015 letter to the Centers for Medicare and

2    Medicaid Services constituted that Ms. Chronis was contemplating suit and if "Ms

3    Chronis was entitled to treat any properly filed administrative tort claims as denied, thus,

4    exhausting the Administrative process.

5        The Plaintiff, Anna Chronis and her amicus counsel, GIBSON, DUNN, &

6    CRUTCHER LLP, argued that Ms. Chronis had satisfied the requirements of FTCA

7    under 28 U.S.C. § 2675(a) and 28 C.F.R. §14.2(a) by her November 7, 2015 submission

8    to the Centers of Medicare and Medicaid Services ("CMS") and the attachments that

9    contained the original complaint for damages filed with UIH Health per the procedures

10   outlined in the Member Handbook and Manual.

11       The Appellate Court was asked to decide, whether during the time in question in

12   the case, if the UIHealth from June 2015 to June 2016, had the delegated authority to give

13   a final determination under CFR 80, number 104[7], and whether CMS was the appropriate

14   agency to escalate an Administrative Tort instead of the Department of Health and

15   Human Services, thus given the totality of the correspondence, the hospital and the state

16   and federal regulatory agencies, that Ms. Chronis had exhausted her administrative

17   options.

---

[7] The Rule in the federal regulation was promulgated under the authority granted the Federal Government Agencies under the "Affordable Care Act ("ACA"), 124 Stat. 119, 2010, P.L. 111-148.

1    On July 29th, 2019 the Court issued a 2-1 ruling against Ms. Chronis, affirming

2    the lower court's decision, that only the Department of Health and Human Services was

3    the sole appropriate agency, with which to file an Administrative Tort with the plaintiffs,

4    as such, Ms. Chronis did not exhaust her administrative options before filing her FTCA

5    Claim.

6    On September 20, 2019 the issued a mandate and filed a Certified Copy of the

7    final Judgement issued July 29, 2019.   Ms. Chronis, re-filed her case within 30 calendar

8    days and within 20 Business Days of a Certified Copy of the Opinion from the USCA for

9    the 7th Circuit Argued on May 29, 2019 and decided on July 29, 2019.  Ms. Chronis is a

10   non-Electronic Filer.

11   **B. "CURATIVE ADMINISTRATIVE PROCESS EXHAUSTED"**

12   On October 24, 2017, Anna Chronis submitted a Form 95 and the Civil

13   Complaint/Pleading filed with the First District Court of Cook County on June 8th, 2017

14   to the Department of Health and Human Services and received a reply from the Claims

15   Division of the Office of General Counsel in Washington D.C. dated November 5, 2017.

16   The Administrative Tort Claim was filed under Claim No. 2018-0052.

17   A formal letter denying Ms. Chronis' claim was received on October 31, 2018.

18   [Appeals Dkt 22, Exhibit C].

8

1   All Final Determinations from the DHHS resulting from Ms. Chronis' the Form

2   95 filing by Ms. Chronis on October 26th, 2017[8] are included in *Exhibit C,* of this

3   Complaint.  On October 31, 2018, as the Appeals case moved forward, the DHHS denied

4   Ms. Chronis' claim.  On April 30th, 2019, per Instructions from the Department of Health

5   and Human Services, Ms. Chronis' in a timely manner, given the "mail box rule", filed a

6   Motion for Reconsideration.  That Motion for Reconsideration was denied (Exhibit C,

7   letter from DHHS dated August 7, 2019).  It was filed in a timely manner, as Ms.

8   Chronis' Response and proof of service indicates in her letter to the Department of Health

9   and Human Services dated August 17th, 2019 (Exhibit C, Letter from Chronis to DHHS).

10   One can only speculate that DHHS has no intention to "resolve this claim" and did not

11   want to move forward outside a court of law.   Given the language of the letter, Ms.

12   Chronis, whose filing for Reconsideration was timely (Mailed on April 30th, 2019),

13   considers the text of the letter on August 7, 2019, as Rejecting her claim[9], allowing Ms.

14   Chronis, the final exhaustion to file her claim in Federal Court, as it is within 6 months of

15   receipt of that letter.

16          IV.   **STATEMENT OF THE FACTS OF THE CASE / COMPLAINT**

---

[8] Received by DHHS on October 30, 2019
[9] It is clear that the DHHS did not intend to move forward in good faith to resolve the claim and as of October 17th, 2019, Ms. Chronis has not received a response to her August 17, 2019 letter.

9

1   On June 8, 2015, at 11:15 a.m., as scheduled, TAMIKA ALEXANDER, MD

2   performed a "routine" PAP smear, which resulted in a **vulvar contusion**, causing pain

3   and suffering, and necessitating further qualified medical care by a licensed and certified

4   OB/GYN at another facility.   The vulvar contusion was diagnosed by AZRA

5   SADIKOVIC, MD, a Board Certified Licensed Physician and Surgeon specializing in

6   Gynecology licensed by the State of Illinois (License Number 036128491 & 336093249)

7   after an Examination on July 1, 2015.  The final report regarding the incident is dated

8   9/21/2015 and is enclosed along with the original certification letter attached to the

9   original Cook County Complaint in Exhibit  D.

10   **A.  CONTACT WITH UIH HEALTH**

11   After dozens of verbal complaints and phone calls for follow up medical care, that

12   were ignored, after a June 8th, 2015th visit to Doctor Tamika Alexander, resulted in

13   vaginal contusion,  ANNA CHRONIS[10] filed several oral (6/9/2015 to 8/16/2015) and

14   written complaints and communications (8/26/2015 to 2/19/2016), as directed within the

15   Member Handbook, during the period from and received what the Plan Administrator

16   claimed were  final letters, thus she pursued civil litigation within the time frame allowed

17   by law, as she was misinformed that her Administrative Options were Exhausted.

18   After three calls with the customer service department on August 4th, and August

19   5th 2015, [check dates] with the Complaint intake department confirmed the instructions

---

[10] Referred to as either Plaintiff or Appellant in the remainder of this document.

10

1    in the Member Handbook.[11] *On August 26, 2015, after obtaining all final medical bills*

2    *from the remediative care, required <u>as a direct result of</u> Tamika Alexander's Negligence,*

3    *and within 90 days of the Incident, Anna Chronis submitted a claim to the UIH Health*

4    *Plus Grievance Department c/o Meridith L, the person she had spoken to on August 4th*

5    *and 5th.*

6    On October 17, 2015, Plaintiff received a letter from Mark C. Potter, MD, the Medical

7    Director of the "UI Health Accountable Care Entity". Potter subsequently avoided all

8    phone calls and efforts to "take him up on the offer of a personal meeting", responded as

9    follows to my written complaint [Doc. 10, pp78-81; App.A9-A11], emphasis added.:

10    **"Regarding your request for records of this grievance, the**
11    **letters that you have sent to as, and the letters we have sent to you are the**
12    **records of this grievance.**

13    **Regarding further formal responses to your grievance letters,**
14    **the letters you have received from Mr Fuchs and referenced in your letters**
15    **are <u>the final responses of UIH Plus through</u> our grievance process. If you**
16    **choose to make an appeal to the Illinois Department of Health and Family**
17    **Services, instructions are included on the page of your UI Health Phis**
18    **member handbook that you copied and sent to us as "Exhibit I" with your**
19    **letter to Chris Fuchs dated September 24, 2015."**

20
21    Mark Potter, MD, the Medical Director of the "UI Health Plus Accountable Care

22    Entity" [ Dkt. 10, p 48-52; App.A9-A11] did not direct Anna Chronis to the Department

23    of Human Services, or to any Agency of the United States Government.

---

[11] I have omitted complaints with the Illinois Department of Financial Regulation as that is merely to file a Professional complaint against a doctor and as they remitted to me via e-mail, they do not adjudicate or provide compensation for torts or reimburse expenses resulting from the actions of the "Professionals they regulate.

1         On November 27, 2015, [Doc 10.p.59, App.A12 ], ANNA CHRONIS received

2    another letter from Chris Fuchs, the "Grievance Coordinator of UI Health Plus", from

3    letterhead clearly marking the Program's character – University of Illinois Hospital &

4    Health Science System, Managed Care, acknowledging the receipt of my letter dated

5    November 2, 2017 [Dkt 10, p 75-77] and informing Ms. Chronis that the so-called

6    Grievance Committee had denied her claim.  This correspondence did not include any

7    enclosures or appropriate appeals procedures, despite the clear statement that Ms.

8    Chronis was "pursuing disciplinary action via Medical Association bodies, *as well as*

9    *through litigation".*

10        UIH and its so-called Grievance Committee to which Mr. Fuchs referenced,

11   violated the Fair Hearing Provisions, the Noticing of Hearing Provision, and federal law

12   of due process by failing to provide appropriate appeals procedures.  It was both

13   Christopher Fuchs and the Member Handbook that had consistent but inappropriate and

14   illegal guidance, in violation of the Due Process provisions that govern "Federally

15   Qualified Federal Health Centers" and Medicaid Programs in General.

16                         **B.  CONTACT WITH CMS**

17        On November 7, 2015, ANNA CHRONIS filed a written complaint

18   regarding the failure to receive appropriate remediation and due process which included

19   the initial complaint with claims information sent to the Grievance Department with two

20   officials at CMS, Gwen Sampson, the Deputy Regional Administrator for Chicago, and

21   Andy Slavitt the Acting Administrator for the Centers of Medicare and Medicaid

22   Services [Doc. 10,71-74, App. A15-A18]. While the law states that it is the fiduciary duty

23   of those who Administer the Medicaid Program to provide clear, transparent, and timely

1    processes and procedures so a claimant can receive restitution, **never** in the series of

2    correspondence with all the relevant government agencies listed in the Federal Register in

3    2015 and 2016 did ANNA CHRONIS receive any information regarding filing a claim

4    under the FTCA, form 95 or any direction on how to move my claim forward as required

5    by law. In fact, instead of responding with the appropriate direction Adjudicating the

6    Matter, all involved either detracted, claimed ignorance, and failed to provide the

7    guidance that is required by Federal and State Law.

8         In the second paragraph of Chronis' November 7, 2015 letter to CMS, Chronis

9    alleges that Dr. Alexander had committed "malpractice and gross negligence".

10   On January 7, 2016, Ms. Chronis received a final letter from CMS on her complaint

11   dated November 7th, Ms. Chronis then engaged in an e-mail exchange with members of

12   CMS over the next two months. When pointing out the Appeals Mechanism in the

13   Manual had been shut down, and the information was incorrect, no further information

14   was given to allow Anna Chronis to proceed in any other venue but the State Court.

15   On Monday, October 23, 2017, ANNA CHRONIS visited the HHS Region V office

16   at 233 North Michigan Avenue. At or about 2:45pm, Verlon Johnson, Acting Regional

17   Director of Region V, Health and Human Services, Suite 1300, directed me to Peter

18   Bandemer, Executive Director of CMS Suite 600. Both affirmed that CMS was the

19   appropriate agency to file the Medical Malpractice Claim given the plan structure.

20   At all points in the process, the UIHealth and CMS failed to appropriately instruct

21   Ms. Chronis on how to file her complaint, her appeal and her rights under Fair Hearings

22   provisions that govern Federally Qualified Health Plans.

13

1 **V.    FACTS COMMON TO ALL CAUSES OF ACTION**

2    1.    Plaintiff, ANNA CHRONIS, is a United States Citizen, and legal resident

3 of Chicago, Illinois, a Cook County Municipality.

4    2.    Defendant, TAMIKA ALEXANDER, MD, is employed by a division of

5 the Board of Trustees of the University of Illinois, doing business as UIH-MILE

6 SQUARE HEALTH CENTER, located at the at 4747 West Cermak Road, Cicero,

7 UIH, corporation (referred hereinafter "UIH HOSPITAL).

8    3.    UIH Hospital is a non-for-profit corporation organized and existing in

9 pursuant to the laws of the United States, and with principal place of business in Cook

10 County, Illinois.

11    4.    Defendant, TAMIKA ALEXANDER, MD is a physician with a specialty

12 in Obstetrics and Gynecology, licensed (#036128864, 336090441) to practice

13 medicine in and by the State of Illinois and has a principal place of business in Cook

14 County, Illinois.

15    5.    Defendant TAMIKA ALEXANDER, MD was employed by UIH Hospital

16 at the time of the Incident on June 8, 2015.

17    6.    At all times herein mentioned, the defendants were, and now are

18 physicians and administrators, holding themselves out as duly licensed to practice

19 their profession under, and by virtue of, the laws of the State of Illinois, and were and

20 now are, engaged in the practice of medicine in the State of Illinois.

14

1      7.    Defendants, TAMIKA ALEXANDER AND UIH HOSPITAL, were at all

2   times herein mentioned, duly organized Illinois corporations existing under, and by

3   virtue of, the laws of the State of Illinois, that the Defendant Corporation (UIH

4   HOSPITAL) owned, operated, supervised, managed and controlled the Clinic at 4747

5   West Cermak Road, Cicero, Cook County, Illinois and the General Hospital facility

6   and headquarters at 722 West Maxwell Street, Chicago, Illinois 60612, and the UIC

7   College of Medicine, Department of Family Medicine, 1919 West Taylor Street,

8   within Cook County, the State of Illinois, held out to the public at large, and

9   specifically to the Plaintiff herein, to be as properly equipped, fully accredited,

10   adequately staffed by qualified and competent personnel, and efficiently operated and

11   administered, accredited hospitals in said community, as physicians and licensed

12   administrators of healthcare services.

13     8.    UI Health was the Plan Administrator for the UIHealth Insurance Program

14   as such they are fully accountable and liable for maintaining and circulating an

15   appropriately correct Member Handbook.

16     9.    Plaintiff is informed and believes and alleges, that each of the Defendants

17   sued herein is responsible in some manner for the events and happenings herein

18   referred to, thereby causing injury and damages to the Plaintiff as herein alleged.

19     10.    Each and every Defendant named herein, were acting within their

20   employment, as the agents, servants, employees, joint-venture partners, and co-

21   partners of their said co-defendants, and as such, each and every defendant as

1    aforesaid, when acting as a principal, was negligent in the selection, hiring, training,

2    and supervision of every other defendant, as its agent, servant, employee, joint-

3    venturer and partner.

4    11.    Under the Medical Corporations Act, UIH HOSPITAL is vicariously

5    liable for the negligence of a physician who is the apparent agent of the hospital or

6    medical corporation Gilbert v. Sycamore Municipal Hospital, 156 Ill.2d 511, 622

7    N.E.2d 788, 190 Ill.Dec. 758 (1993); York v. Rush-Presbyterian-St. Luke's Medical

8    Center, 222 Ill.2d 147, 854 N.E.2d 635, 305 Ill.Dec. 43 (2006).

9    **FIRST CAUSE OF ACTION**

10
11    **PROFESSIONAL (MEDICAL) GROSS NEGLIGENCE / BREACH OF CARE CAUSING PHYSICAL INJURY**

12    **(Medical Malpractice 735 ILCS 622(a))**

13    12.    On June 8, 2015, at 11:15 a.m., as scheduled, TAMIKA ALEXANDER,

14    MD performed a routine PAP smear, which resulted in a vulvar contusion, causing

15    pain and suffering, and necessitating further qualified medical care by a licensed and

16    certified OB/GYN at another facility.

17    13.    Plaintiff, Anna Chronis, had never in her life, including anytime prior to

18    June 8, 2015 suffered any pain or vaginal discomfort, and has no documented medical

19    history of such an ailment that would require medical treatment prior to June 8, 2015.

20    14.    The vulvar contusion was diagnosed by AZRA SADIKOVIC, MD, a

21    Board Certified Licensed Physician and Surgeon specializing in Gynecology licensed

22    by the State of Illinois (License Number 036128491 & 336093249) on July 1, 2015.

16

15.    Based on the Medical Findings by AZRA SADIKOVIC, MD and as documented by final medical records attached via Affidavit as required by 735 ILCS 622(a), there could be no other cause of injury. An Affidavit with the AZRA SADIKOVIC'S medical findings have been filed with the Court per the Medical Report submitted to the Court and attached to this Complaint as "Exhibit D". As this is from the treating physician, it satisfies the conditions set under under 735 ILCS 5/2-606 thus satisfying the requirement pursuant to 735 ILCS 5/2-622(a)(2) that may be deposed during discovery, the filing of record fulfills the requirement.

16.    It should be clear to any lay person, that a routine Pap Smear, should not cause a vulvar pain, or a vulvar contusion. All other potential sources were ruled out. It is solely deviation from the proper medical standard of patient care that was the direct and proximate cause of injury.

17.    Defendant TAMIKA ALEXANDER'S actions at what should have been a routine pap smear on the June 8, 2015 were negligent, i.e. below the standard of care, deliberately and willfully injurious, and resulted in immediate discomfort and sustained physical pain for weeks.

## SECOND CAUSE OF ACTION
## WILFUL MISCONDUCT/ WILFUL NEGLEGENCE
## (735 ILCS 2-1704)

18.    Plaintiff, Anna Chronis, attempted to call TAMIKA ALEXANDER, MD to discuss the issue, however, several times, however, TAMIKA ALEXANDER

1    refused to take Anna Chronis' call or return several messages, over the period of two

2    weeks.

3        19.    Unbearable pain, an in-ability to sit without a pillow, was exacerbated as

4    pain increased during ANNA CHRONIS' menstrual flow, from June 19th – June 25th,

5    2015, which irritated the contusion caused by TAMIKA ALEXANDER'S actions on

6    June 8, 2015.

7        20.    From June 9th through June 26th, 2015 inclusive, not one doctor from the

8    UIH Health System would return ANNA CHRONIS' call to discuss her complaint, or

9    to allow ANNA CHRONIS to make an appointment to see another in-network

10    practitioner. Based on ANNA CHRONIS' Insurance Choice, there was no other

11    option for Insured Services until January 1, 2016.

12        21.    Dr. Alexander's abandonment, refusal to treat, call or speak to the patient

13    regarding the pain and subsequent injury incurred from what should have been a

14    "routine" Pap Smear and examination violates the standard of care enshrined in

15    Illinois Law.[12]

16        22.    Instead, of taking remediative, actions upon making a verbal complaint

17    regarding TAMIKA ALEXANDER'S lack of attentiveness and LACK OF

---

[12] *Church v. Adler (1953) 350 Ill.App. 471, 113 N.E. 2d 327* applies to post-operative complications, injuries resulting from "routine procedures" also fall under the same standards of follow up care.

1   ADHERENCE TO A PROFESSIONAL AND RESONABLE STANDARD OF

2   CARE, the UIH Health System engaged in a sustained and deliberate effort to obstruct

3   health care delivery, causing mental anguish and a delay of care further exacerbating

4   anxiety, and mental stress in additional to the physical pain caused by TAMIKA

5   ALEXENDER'S direct action.

6       23.     The Defendants, as defined in Section *735 ILCS 2-1704*, based upon

7   negligence, any defendants found liable shall be jointly and severally liable.

8       24.     Ms. Chronis remains traumatized from the experience and refuses to have

9   another Pap Smear solely from the fear and mental anguish emanating from Doctor

10  Alexander's treatment and, thus may compromise her health in the future.

11                          **THIRD CAUSE OF ACTION –**
12      **Failure to Provide Due Process in Accordance with the Obligations under 42**
13              **U.S.C.A § 1983[13] and the Rules Drafted Under the ACA**
14
15  A. Failed to follow fair hearing proceedings

16  B. Failed to have accurate information in the Member Handbook

---

[13] Maine v. Thiboutot 448 U.S. 1 *No. 79-838, Supreme Court of USA* ruling affirmed a
broad interpretation of Title 42 U.S.C. §1983, "given that Congress attached no modifiers to the
phrase". The expansion of the use of §1 of the Civil Rights Act of 1871 to apply to all programs
of the Social Security Act, including the "Medicaid Expansion" implemented in 2014. The
fundamental elements of the Medicaid Appeals System were detailed in the *Goldberg v.
Kelly* 397 US 254 (1970) decision, and all state and administrative appeals should meet
this standard for notice and hearing. In *Goldberg,* the Court held that states must afford
public aid recipients evidentiary hearings and due process which included the rights to 1)
present evidence, 2) to be heard orally in person or thought counsel, or 3) cross examine
adverse witnesses[13]. While the case specifically applied to termination of benefits,
subsequent cases have extended the due process provision.

1    C. Failed to enclose correct due process and appeals procedures in Correspondence

2                    **A.    Failed to follow Fair Hearing proceedings**

3        25.    All Civil, Procedural ,and Fair Hearings Rights are fully applicable to a

4    Federally Qualified Health Center, operating during the time frame in question as a

5    Managed Care Organization or ("MCO") in this Case, UI Health, violated the Fair

6    Hearing Provisions of the ACA, the Due Process Clause of 42 U.S.C §1983, and the

7    following rules governing Medicaid MCOs: ICRs Regarding Fair Hearing Processes

8    (§§ 431.205(e), 431.206(b)(4) and (c)(5), 431.210, 431.221(a), 431.224(a),

9    431.232(b), and 431.240(c)).

10       26.    Instead of offering real due process, UIH Plus engaged in a Sham Review

11   as documented by Christopher Fuchs on November 27, 2015 [Exhibit F] that failed to

12   give notice of the proceeding in front of the "UI Health Plus Grievance Committee",

13   as required by 42 C.F.R. §431.210, TO  ANNA CHRONIS.  ANNA CHRONIS or to

14   appear in person or telephonically to present her case.  Never did anyone at UI Health

15   Plus ever speak to ANNA CHRONIS, prior to this sham hearing.

16       27.    No Administrative Process can be "arbitrary and capricious" and deprive a

17   Citizen or Legal Resident of the USA of Due Process.  42 U.S. Code §300 gg-19

18   mandates that all group health plans shall have an effective appeals process, allow an

19   enrollee to view their complaint or "file", and to present evidence and testimony as

20   part of the appeals process. This was codified §2719 of the ACA into law states that

20

1    non-ERISA Insurance Plans, including MCOs, must comply with its Due Process

2    Provisions Following provision:

3    (1) **In general**

4    A group health plan and a health insurance issuer offering group or individual health
5    insurance coverage shall implement an effective appeals process for appeals of coverage
6    determinations and claims, under which the plan or issuer shall, at a minimum—

7    (A) **have in effect an internal claims appeal process;**

8    (B) provide notice to enrollees, in a culturally and linguistically appropriate manner, of
9    available internal and **external appeals processes**, and the availability

10   (C) allow an enrollee to review their file, to present evidence and testimony as part of the
11   appeals process, and to receive continued coverage pending the outcome of the appeals
12   process.

13      28.     ACA §1902(a)(3) requires a State Plan structured as an MCO provide an

14   opportunity for a Fair Hearing to any person whose claim for assistance is denied or

15   not acted upon promptly. The "UIH Health Plus Grievance Committee" Process led

16   by Christopher Fuchs and his "Grievance Committee", as documented in his

17   November, 27, 2015 letter[14] failed to comply with 42 CFR §431.206 that Christopher

18   Fuchs documented in the letter by Ms. Chronis failed to comply with noticing

19   provisions nor did they provide Ms. Chronis: 1) notice of the date of the hearing

20   board, 2) the Opportunity for Ms. Chronis to present evidence, 3) the ability to appear

---

[14] Letter Dated November 27, 2015 filed as part of Dkt 10, Opp. To Motion to Dismiss, in Case #17-C 5838 filed 08/17/17 page 22 of 59 Page ID #52, from Chris Fuchs.

1    in front of the Grievance Committee, in person or telephonically. No legal counsel,

2    was present and we cannot even confirm if an actual meeting took place.

3        29.    The Managed Care Organization, and when applicable under this statute,

4    the State Agency Governing Medicaid (in this case HFS) has a duty to apply 42 C.F.R

5    § 431.206(b)(1) Informing applicants and beneficiaries:

6        (1) Of his or her right to a fair hearing and right to request an expedited fair

7        hearing.

8                **B. Failed to have accurate information in the Member Handbook**

9        30.    UI Health, and CMS failed to Provide Appropriate Instruction in the

10    Member Handbook[15] [Exhibit F] or by their customer service department or any

11    written correspondence by Michael Potter[16] or Christopher P. Fuchs. If one has an

12    Internal Process, it is still incumbent on them under the FTCA to appropriately instruct

13    in all materials, how to adjudicate a federal claim for a "Federally Qualified Health

14    Center, Receiving Federal Funds". Member Handbooks from Blue Cross Blue Shield

15    and other MCOs who receive federal funding and have Medicaid Managed Care

16    Programs explicitly direct all parties to the "appropriate agency", something UI Health

17    in its member material in Calendar Year 2015 failed to do.

_____

[15] Relevant page of Member Handbook filed as part of Dkt. Page 21 of 59, page ID #51
[16] Letter Dated November 17, 2015 filed as part of Dkt 10, Opp. To Motion to Dismiss,
in Case #17-C 5838 filed 08/17/17 pages 37 to 39 Page ID #67-69

31.     The law dictates in Sexual Harassment and in recent in Health Insurance

Cases, most recently in *King Versus Blue Cross Blue Shield*[17], [Citation]., opined that

the "SPD" or Member Manual as the Appropriate document for a Covered Member to

rely upon, not what we can find on the "internet", remains the Evidentiary Standard

for Judicial Review that a Member or in this case plaintiff must rely upon.  The

Opinion in *King Versus Blue Cross Blue Shield* the court, clearly cites a Federal

Regulation, in this case, 29 C.F.R. § 2520.102–2(b).

> [T]he SPD must explain the "circumstances which may result in disqualification,
> ineligibility, or denial or loss of benefits" in a manner "calculated to be understood
> by the average plan participant," and that information must be "sufficiently
> accurate and comprehensive to reasonably apprise" plan participants of their rights
> and obligations under the plan.[18]

32.     In *Condry, et al, v. UnitedHealth*, et all (Case 17-cv-00183-VC, Northern

District of California, the Court declined UnitedHealthcare's motion for summary

judgement under Rule 56, because "there is some evidence that United Healthcare did

not provide Carroll with appropriate information.

33.     The US District Court, ND Illinois ruled in *Briscoe et al. v. Health Care*

*Services Corp, Case No. 16-cv-10294, 281 F. Supp. 3d 725 (2017),* in deciding

whether the plaintiffs' case can move forward that a plan provider cannot impose

"significant administrative barriers" .  Failing to appropriately direct and attempting to

---

[17] Decided in Califorina's 9th Circuit of Appeals, on September 8, 2017
[18] In this case, the "SPD" is an acronym for a Member Handbook.

1    deceive a patient that there are no alternatives, and that this is a definitive and

2    exhaustive review, exploits the most vulnerable and underserved population, it does

3    not "serve them".

4    **C. Failed to enclose correct due process and appeals procedures in Written and**

5    **Electronic Correspondence**

6    34.    In no verbal, written, electronic or oral correspondence did CMS,

7    UIHealth or any of their agents provide or even use the words "Department of Health

8    and Human Services" or a "Form 95" to appropriately instruct Ms. Chronis in filing a

9    Malpractice Claim among a litany of items of dissatisfaction with the UIHealth Care

10   System. Instead, they wrongly directed her to the Only Information in the Manual, in

11   which nowhere in its entirety mentioned either the Department of Health and Human

12   Services nor CMS, or any Federal Government Agency. [19]

13   35.    CMS is the agency delegated oversight and enforcement responsibility

14   over the Medicaid MCO providers and they failed to provide their Mandated oversight

15   over UIH Program as such, they are jointly and severally liable for failing to provide

---

[19] It is not for anyone outside of a process of discovery or deposition to infer the interpretation of Ms. Chronis' correspondence, it is very clear in the Member Handbook that was promulgated by UIH Health in the relevant plan year, 2015 what their intention by their actions of Omission was in both concealing their status as a Federally Qualified Health Center and their Obligations under FTCA to disclose appropriate Tort Claim filing steps. One has only the obligation to consult the information given to them not to do surreptitious research on Government affiliated web sites. FTCA does not mandate an Internet Research Project to provide information to a potential plaintiff.

1    appropriate information in a) Obtaining a Fair Hearing for Reimbursement with the

2    State of Illinois, b) filing a claim with the Department of Health and Human Services.

3    36.    CMS lied when they claimed "they had logged my complaint" as required

4    by Federal Law and Policy. However, in the Department of Justice's search of its

5    databases in August 2017, they found that after a search of their databases "no

6    complaint was logged', as certified by the Declaration of Meridith Torres [Dkt 7, #26-

7    27]. CMS never provide the copy of the complaint on my behalf that they claimed to

8    have logged as promised. As such, based on e-mailed exchanges, Ms. Chronis

9    mistakenly believed that she had filed a viable administrative claim.

10    37.    UIH Health and the Office of Professional Services of the State of Illinois

11    engaged in Fraud by failing to disclose that Tamika Alexander M.D. et al, had been

12    adjudicated as liable in the Death of a patient in in 2013 [Robert Green, Estate of

13    Joyce Green v. Yvonne Collins, M.D. Advocate Christ Medical Center, Tamika

14    Alexander MD20 et al. While a Settlement in a wrongful death incident was made,

15    one does not even list the complaint on the State Database, IDHHS, or if any action or

16    proceedings were taken.

17    **V. PRAYER FOR RELIEF**

---

[20] 2013 Jury Verdicts, Lexis 3345, Case Number: 2010-L-014283.

38.     Plaintiff, as a direct and legal result of the wrongful conduct and negligent of the defendant, suffered injury to her mind and body, and requests damage under 735 ILCS 5 total damages in the sum of $24,800 plus costs and interest.

39.     **Actual Damages.** As a further result of the negligence of the defendants, and each of them, and the resulting injuries to Plaintiff, Anna Chronis, was compelled to, and did incur expenses for medical treatment.  Proximate Cause of Injury can directly be traced to Doctor Tamika Alexander's actions and Negligence.  The amount of this care is currently known in the amount of $1,000.

40.     **Damages for Emotional Distress**.  As documented in the Expert Treating Physician's Medical Report, Exhibit I, ANNA CHRONIS incurred emotional distress, anxiety, and mental anguish as the result of UIH Hospital's actions and inaction. $8,800.  ANNA CHRONIS' mental state is documented in the Treating Physician's report attached in Exhibit I, from a Medical Institution external to UIH Hospital. The Medical report, is from an Examination dated July 1, 2015.

41.     **Punitive Damages.** Delay of care, loss of wellness, incapacity to fully engage in normal activities, due to emotional distress contributing to loss of enjoyment of life, including sexual intercourse and potential physical intimacy during this time period as a result of the Injury caused by Tamika Alexander, MD. Damages $15,000. At all points subsequent to the Incident, which I reported, UIH Health and their system engaged in deliberate and systemic actions to cause mental anguish, delay of care and

1    willfully abandoned their duty to treat, when ANNA CHRONIS, due to limitation of

2    options given her circumstances, and resources, had nowhere else to go

3    ## VI.    CONCLUSION

4    The Fact of the actions of all parties in the case at the UIH, and CMS,

5    since the malicious medical tort, on June 8 2015 until the termination of all

6    correspondence in March 2016, a reasonable person would come to no other conclusion

7    but that **there was a sustained and deliberate effort to hide adverse outcomes of**

8    **malpractice and general patient dissatisfaction**.  It is the duty under law for the

9    Executive and Administrative Agencies of the US Government to instruct claimants on

10   appropriate policies, procedures and methods to obtain relief.  Not one person either

11   verbally, in any manual, or in any correspondence mentioned DHHS, from 95 or anything

12   to that effect regarding this case.   We cannot operate in a construct where we have to go

13   to court, to learn the rules, so we can then engage in another futile process, before going

14   back to court.

15   The UIH Health Plus in action and in policies for Grievance settlement did not,

16   during the time frame in question,  did not follow the policies and procedures mandated

17   under law for a **"Federally Qualified Health Center",** in an effort to deliberately

18   dissuade and diminish Ms. Chronis', and more than likely other plan participate

19   complaints, while Ms. Chronis was a member of the UIHealth program from March 2015

20   to December 31, 2015.  However, the 7th Courts of Appeals has affirmed the District

21   Judges Ruling, 2-1, that it has the same Obligations to inform and to instruct according to

22   precedent, that the Department of Health and Human Services be forwarded all

1   complaints, and that an administrative process consistent with informing that Federal

2   Agency can be "Exhaustive" for any Medicaid Plan participant, whether under the

3   ACA's Managed Care Program or any other FMAP program, thus the premise that

4   UIHealth could serendipitously create an "alternative process" and consider that a final

5   adjudication of a malpractice claim and request for reimbursement was struck down by

6   the 7th Circuit of Appeals in Chronis v. USA.

7

8

9

10                                 Dated this 21st Day of October, 2019.

Anna Chronis
Pro Se Litigant
3759 North New England Avenue
Chicago, Illinois 60634
Primary E-mail: anna.chronis@yahoo.com
Phone Number: (312) 838-6677

11

12 Enclosures:

13

14       Exhibit A:   District and Appeals Court Docket from Predecessor Cases,

15                   District Court Case 17-C5838, (Cook County Circuit Court Case

16                   Removed, but Open Pending Appeal, 30-1196) and Federal Appeal

17                   Court Docket [17-03093]

18       Exhibit B:   Opinion dated 8 September 2017 Dismissing Case without

19                   Prejudice

1   Exhibit C:   Correspondence from DHHS documenting Administrative
2                Exhaustion

3   Exhibit D:   Treating Physician Statement and Affidavit from Previously filed
4                Malpractice Case with the State of Illinois

5   Exhibit E:   Appeals Court Disposition

6   Exhibit F:   Three documents referenced in the Third Cause of Action. While
7                not the totality of the correspondence and / or Manual, it is
8                available for easy reference at this stage
9

# EXHIBIT A

APPEAL,KIM,MIDP,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:17-cv-05838

Chronis v United States of America, et al
Assigned to: Honorable Amy J. St. Eve
Demand: $26,000
Case in other court: 17-03093
                Cook County Circuit Court, 2017-M1-301196
Cause: 28:1331 Fed. Question: Medical Malpractice

Date Filed: 08/10/2017
Date Terminated: 09/08/2017
Jury Demand: None
Nature of Suit: 362 Personal Inj. Med. Malpractice
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Anna Chronis**
                                  represented by  **Anna Chronis**
                                                        3759 North New England Avenue
                                                      Chicago, IL 60634
                                                      312-838-6677
                                                      Email: anna.chronis@yahoo.com
                                                      PRO SE

V.

**Defendant**

**United States of America**
                                  represented by  **Scott Dennis Heffron**
                                                        Asst. United States Attorney
                                                      Northern District of Illinois
                                                      219 S. Dearborn St.
                                                      Suite 9046
                                                    Chicago, IL 60604
                                                      Email: scott.heffron@usdoj.gov
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Tamika Alexander, M.D.**

**Defendant**

**UIH-Mile Square Health Center**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/10/2018 | 30 | ORDER dated 5/10/2018 from the 7th Circuit regarding notice of appeal 21 ; Appellate case no. : 17-3093; IT IS ORDERED that the motions are GRANTED. Attorney Brian J. Paul is granted leave to withdraw as counsel for |

| | | |
|---|---|---|
| | | appellant Anna Chronis. Chronis is now proceeding pro se. IT IS FURTHER ORDERED that the government shall file any motion to dismiss as moot or inform the court that it will not be filing a motion by May 31, 2018. (jh, ) (Entered: 05/10/2018) |
| 04/03/2018 | 29 | ORDER dated 4/3/2018 from the 7th Circuit regarding notice of appeal 21 ; Appellate case no. : 17-3093; Pursuant to this courts order of March 26, 2018, IT IS ORDERED that Brian J. Paul, FAEGRE BAKER DANIELS LLP, 300 N. Meridian Street, Indianapolis, IN 46204, is appointed to represent plaintiff-appellant Anna Chronis. Counsel is directed to contact the plaintiff-appellant immediately. Briefing shall proceed as follows: 1. Plaintiff-appellant shall file her brief and required short appendix on or before July 2, 2018. 2. Defendant-appellee shall file its brief on or before August 1, 2018. 3. Plaintiff-appellant shall file her reply brief, if any, on or before August 15, 2018. (jh, ) (Entered: 04/03/2018) |
| 01/02/2018 | 28 | CERTIFIED and transmitted to the USCA for the 7th Circuit the long record on appeal 21 (USCA no. 17-3093) Via Email. (ek, ) (Entered: 01/02/2018) |
| 12/29/2017 | 27 | NOTICE to Transmit Record on Appeal regarding notice of appeal 21 ; USCA Case No. 17-3093. (jjr, ) (Entered: 12/29/2017) |
| 10/12/2017 | 26 | ORDER: Plaintiff's motion for permission to appeal in forma pauperis 22 is granted. Signed by the Honorable Amy J. St. Eve on 10/12/2017. Mailed notice (eaa, ) (Entered: 10/12/2017) |
| 10/11/2017 | 25 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 21 ; USCA Case No. 17-3093. (aee, ) (Entered: 10/11/2017) |
| 10/11/2017 | 24 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 21 . Notified counsel (smm) (Entered: 10/11/2017) |
| 10/11/2017 | 23 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 21 . (smm) (Entered: 10/11/2017) |
| 10/06/2017 | 22 | AFFIDAVIT ACCOMPANYING MOTION by Plaintiff Anna Chronis for permission to appeal in forma pauperis. (smm) (Entered: 10/11/2017) |
| 10/06/2017 | 21 | NOTICE of appeal by Anna Chronis regarding orders 20 (Exhibit). (IFP PENDING) (smm) (Entered: 10/11/2017) |
| 09/08/2017 | 20 | ORDER Signed by the Honorable Amy J. St. Eve on 9/8/2017: The Court grants Defendant's motion to dismiss for failure to exhaust administrative remedies. 7 . All pending dates and deadlines are stricken. Civil case terminated. [For further details, see Order.] Mailed notice(kef, ) (Entered: 09/08/2017) |
| 09/05/2017 | 19 | SUMMONS Returned Executed as to Tamika Alexander M.D on 9/1/2017 answer due 9/22/2017 by Anna Chronis. (Exhibit) (mc, ) . (Entered: 09/07/2017) |
| 09/05/2017 | 18 | REPLY by Defendant United States of America to motion to dismiss 7 *United States' Reply in Support of Its Motion to Dismiss* (Heffron, Scott) (Entered: 09/05/2017) |
| 08/31/2017 | 17 | |

| | | |
|---|---|---|
| | | ANSWER to Complaint *and Certificate of Service* by United States of America(Heffron, Scott) (Entered: 08/31/2017) |
| 08/31/2017 | | SUMMONS Issued as to Tamika Alexander, M.D. (lcw, ) (Entered: 08/31/2017) |
| 08/28/2017 | 16 | MINUTE entry before the Honorable Amy J. St. Eve: Because Defendant United States removed this lawsuit from the Circuit Court of Cook County, Illinois, pro se Plaintiff need not file an application to proceed in forma pauperis, thus the Court denies pro se Plaintiff's application as moot. 12 Also, because Defendant removed this lawsuit, Plaintiff need not request a waiver of service. Mailed notice (kef, ) (Entered: 08/28/2017) |
| 08/25/2017 | 15 | EXHIBIT by Plaintiff Anna Chronis (ags, ) (Entered: 08/25/2017) |
| 08/25/2017 | 14 | REQUEST for Waiver of Service sent to Scott Dennis Heffron, US Attorney's Office, United States of America on 8/25/2017 by Plaintiff Anna Chronis (Exhibit). (ags, ) (Entered: 08/25/2017) |
| 08/23/2017 | 12 | APPLICATION by Plaintiff Anna Chronis for leave to proceed in forma pauperis (Exhibit) (ags, ) (Entered: 08/25/2017) |
| 08/21/2017 | 11 | MINUTE entry before the Honorable Amy J. St. Eve: Plaintiff having filed an opposition to defendant's motion to dismiss 7 , defendant's reply shall be filed by 9/6/17. Ruling by mail. Status hearing set for 11/2/17 at 8:30 a.m. No appearance is required on the 8/22/17 notice motion date. Mailed notice (kef, ) (Entered: 08/21/2017) |
| 08/17/2017 | 10 | NOTICE by Anna Chronis of Opposition to Defendant's motion to dismiss due to failure to exhaust administrative procedures. 7 (Exhibits) (ags, ) (Entered: 08/21/2017) |
| 08/17/2017 | 9 | PRO SE Appearance by Plaintiff Anna Chronis (ags, ) (Entered: 08/18/2017) |
| 08/11/2017 | 8 | NOTICE of Motion by Scott Dennis Heffron for presentment of motion to dismiss 7 before Honorable Amy J. St. Eve on 8/22/2017 at 08:30 AM. (Heffron, Scott) (Entered: 08/11/2017) |
| 08/11/2017 | 7 | MOTION by Defendant United States of America to dismiss *for failure to exhaust administrative remedies* (Heffron, Scott) (Entered: 08/11/2017) |
| 08/11/2017 | 6 | MAILED Notice of Removal letter to Plaintiff. (ags, ) (Entered: 08/11/2017) |
| 08/11/2017 | 5 | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in the attached Notice which includes the MIDP Standing Order. Also attached is a checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the attached documents (Notice to Parties and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (ags, ) (Entered: 08/11/2017) |

| 08/10/2017 | | CASE ASSIGNED to the Honorable Amy J. St. Eve. Designated as Magistrate Judge the Honorable Young B. Kim. (nsf, ) (Entered: 08/10/2017) |
|---|---|---|
| 08/10/2017 | 4 | NOTICE by UNITED STATES OF AMERICA re notice of removal 1 (Heffron, Scott) (Entered: 08/10/2017) |
| 08/10/2017 | 3 | DESIGNATION of Scott Dennis Heffron as U.S. Attorney for Defendant UNITED STATES OF AMERICA (Heffron, Scott) (Entered: 08/10/2017) |
| 08/10/2017 | 2 | CIVIL Cover Sheet (Heffron, Scott) (Entered: 08/10/2017) |
| 08/10/2017 | 1 | NOTICE of Removal from Cook County Circuit Court, case number (2017-M1-301196) filed by UNITED STATES OF AMERICA (Heffron, Scott) (Entered: 08/10/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/28/2019 06:30:43 | | | |
| **PACER Login:** | annachicago:3151139:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:17-cv-05838 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**General Docket**
**Seventh Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 17-3093 | **Docketed:** 10/11/2017 |
| **Nature of Suit:** 2362 Medical Malpractice | **Termed:** 07/29/2019 |
| Anna Chronis v. USA | |
| **Appeal From:** Northern District of Illinois, Eastern Division | |
| **Fee Status:** In Forma Pauperis | |

**Case Type Information:**
1) civil
2) us
3) -

**Originating Court Information:**
**District:** 0752-1 : 1:17-cv-05838
**Trial Judge:** Amy J. St. Eve
**Date Filed:** 08/10/2017
**Date Order/Judgment:**          **Date NOA Filed:**
09/08/2017                                    10/06/2017

**Prior Cases:**
None

**Current Cases:**
None

---

ANNA CHRONIS
    Plaintiff - Appellant

Anna Chronis
Direct: 312-838-6677
[NTC Pro Se]
Anna Chronis
3759 N. New England Avenue
Chicago, IL 60634

v.

UNITED STATES OF AMERICA
    Defendant - Appellee

Scott D. Heffron, Attorney
Direct: 312-886-4190
[COR LD NTC US Attorney]
OFFICE OF THE UNITED STATES ATTORNEY
Suite 500
219 S. Dearborn Street
Chicago, IL 60604-0000

TRAVIS S. ANDREWS
    Amicus Curiae

Travis S. Andrews, Attorney
Direct: 202-887-3695
[COR LD Retained]
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, DC 20036-5306

Amir C. Tayrani, Attorney
Direct: 202-887-3692
[COR LD NTC Retained]
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, DC 20036-5306

ANNA CHRONIS,
              Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,
              Defendant - Appellee

| | | |
|---|---|---|
| 10/11/2017 | ☐ 1<br>13 pg, 1.1 MB | U.S. civil case docketed. IFP pending in the District Court. Transcript information sheet due by 10/25/2017. Docketing Statement due for Appellant Anna Chronis by 10/13/2017. [1] [6875704] [17-3093] (FP) [Entered: 10/11/2017 04:28 PM] |
| 10/12/2017 | ☐ 2<br>1 pg, 86.97 KB | Filed District Court order GRANTING Appellant Anna Chronis leave to proceed on appeal in forma pauperis. Date IFP granted: 10/12/2017. [2] [6875901] [17-3093] (VG) [Entered: 10/12/2017 11:40 AM] |
| 10/12/2017 | ☐ 3<br>1 pg, 132.29 KB | ORDER: The District Court granted plaintiff's request for leave to appeal in forma pauperis on October 12, 2017. Accordingly, briefing will proceed as follows: Appellant's brief due on or before 11/20/2017 for Anna Chronis. Appellee's brief due on or before 12/20/2017 for United States of America. Appellant's reply brief, if any is due on or before 01/03/2018 for Appellant Anna Chronis. JR [6875998] [17-3093] (VG) [Entered: 10/12/2017 02:52 PM] |
| 10/13/2017 | ☐ 4<br>6 pg, 405.94 KB | Docketing Statement filed by Appellant Anna Chronis. Prior or Related proceedings: No. [4] [6876481] [17-3093] (CR) [Entered: 10/13/2017 04:56 PM] |
| 10/24/2017 | ☐ 5<br>1 pg, 83.12 KB | Filed Seventh Circuit Transcript Information Sheet by Appellant Anna Chronis. [5] [6879024] [17-3093] (CR) [Entered: 10/25/2017 08:55 AM] |
| 11/20/2017 | ☐ 6<br>59 pg, 2.09 MB | 10 copies Appellant's brief filed by Appellant Anna Chronis. Disk not required. [6] [6885168] [17-3093]—[Edited 03/26/2018 by AD] STRICKEN, per the court's 3/26/18 order.—[Edited 06/05/2018 by FP to reflect that the brief is REINSTATED, per 6/5/18 order.] (CCG) [Entered: 11/20/2017 04:24 PM] |
| 12/20/2017 | ☐ 7<br>18 pg, 113.75 KB | Submitted appellee brief by Scott D. Heffron for Appellee USA. [7] NOTE: Access to this entry is limited to counsel of record. Once the document is approved by the court, it will be filed onto the court's docket as a separate entry which will be open to the public. [6891548] [17-3093] (Heffron, Scott) [Entered: 12/20/2017 03:31 PM] |
| 12/20/2017 | ☐ 8<br>18 pg, 117.6 KB | Appellee's brief filed by Appellee USA. Paper copies due on 12/27/2017 Electronically Transmitted. [8] [6891602] [17-3093]—[Edited 03/26/2018 by AD] STRICKEN per the court's 3/26/18 order.—[Edited 06/05/2018 by FP to reflect that the brief is REINSTATED per order of 6/5/18.] (RT) [Entered: 12/20/2017 04:23 PM] |
| 12/29/2017 | ☐ 9<br>1 pg, 85.94 KB | Notice to the District Court to transmit the record on appeal. [9] [6893017] [17-3093] (CCG) [Entered: 12/29/2017 10:23 AM] |
| 01/02/2018 | ☐ 10<br>26 pg, 1.12 MB | Appellant's reply brief filed by Appellant Anna Chronis. Disk not required. [10] [6893619] [17-3093]—[Edited 01/03/2018 by CO]—[Edited 03/26/2018 by AD] STRICKEN, per the court's 3/26/18 order.—[Edited 06/05/2018 by FP to reflect that the brief is REINSTATED per order of 6/5/18.] (CO) [Entered: 01/03/2018 09:56 AM] |
| 01/03/2018 | ☐ 11<br>137 pg, 17.87 MB | Original record on appeal filed electronically. Contents of record : 1 vol. of pleadings. [11] [6893926] [17-3093] (GW) [Entered: 01/03/2018 03:58 PM] |
| 03/26/2018 | ☐ 12<br>1 pg, 110.87 KB | ORDER: After having reviewed the appellant's pro se brief, the appellee's response, and the record on appeal, this court has determined that it would benefit from additional briefing and oral argument. See FED. R. APP. P. 34(a)(2)(C). Accordingly, we sua sponte recruit counsel for the appellant. In addition to any other issues he or she deems appropriate, counsel shall address whether Chronis's November 7, 2015, letter to the Centers for Medicare and Medicaid Services constituted sufficient notice that she "was contemplating suit" rather than submitting professional regulation allegations. See Khan v. United States, 808 F.3d 1169, 1173 (7th Cir. 2015). Counsel also shall address whether Chronis was entitled to treat any properly filed administrative tort claims as denied. The briefs previously filed in the appeal are STRICKEN. An order designating counsel and setting a briefing schedule will follow. ECL [12] [6913215] [17-3093] (AD) [Entered: 03/26/2018 02:48 PM] |
| 04/03/2018 | ☐ 13<br>1 pg, 36.42 KB | ORDER: Pursuant to this court's order of March 26, 2018, Brian J. Paul, FAEGRE BAKER DANIELS LLP, 300 N. Meridian Street, Indianapolis, IN 46204, is APPOINTED to represent plaintiff-appellant Anna Chronis. Counsel is directed to contact the plaintiff-appellant immediately. Briefing shall proceed as follows: DW Appellant's brief due on or before 07/02/2018 for Anna Chronis. Appellee's brief due on or before 08/01/2018 for United States of America. Appellant's reply brief, if any, is due on or before 08/15/2018 for Appellant Anna Chronis. [13] [6915074] [17-3093] (FP) [Entered: 04/03/2018 11:33 AM] |
| 05/02/2018 | ☐ 14<br>11 pg, 346.8 KB | Pro se motion filed by Appellant Anna Chronis to remove appointed counsel. [14] [6922160] [17-3093] (JR) [Entered: 05/03/2018 12:03 PM] |
| 05/03/2018 | ☐ 15<br>5 pg, 81.82 KB | Motion filed by Attorney Brian J. Paul for Appellant Anna Chronis to withdraw as counsel. [15] [6922252] [17-3093]—[Edited 05/03/2018 by MM to reflect attorney filer.] (Paul, Brian) [Entered: 05/03/2018 02:36 PM] |
| 05/10/2018 | ☐ 16<br>1 pg, 96.15 KB | ORDER re: 1) Motion to Remove Appointed Counsel. [14] 2) Appellant's Counsel's Verified Motion to Withdraw. [15] The motions are GRANTED. Attorney Brian J. Paul is granted leave to withdraw as counsel for appellant Anna Chronis. Chronis is now proceeding pro se. Further, the government shall file any motion to dismiss as moot or inform the court that it will not be filing a motion by May 31, 2018. SCR [16] [6923903] [17-3093] (AD) [Entered: 05/10/2018 11:44 AM] |
| 05/30/2018 | ☐ 17<br>4 pg, 92.21 KB | Filed Response by Appellee USA to Court Order of 5/10/2018. [17][6928243] [17-3093] (Heffron, Scott) [Entered: 05/30/2018 02:37 PM] |

| | | |
|---|---|---|
| 06/01/2018 | ☐ 18<br>1 pg, 99.63 KB | ORDER re: United States' Response to the 05/10/2018 Order. On 05/10/2018, this court granted appointed counsel's motion to withdraw from representing appellant Anna Chronis. Because this court has determined that counsel would benefit from additional briefing and oral argument, it will recruit counsel to serve as amicus curiae and address the questions identified by the court. In addition to any other issues he or she deems appropriate, counsel shall address whether Chronis's 11/7/2015, letter to the Centers for Medicare and Medicaid Services constituted sufficient notice that she "was contemplating suit" rather than submitting professional regulation allegations. See Khan v. United States, 808 F.3d 1169, 1173 (7th Cir. 2015). Counsel also shall address whether Chronis was entitled to treat any properly filed administrative tort claims as denied. Amicus curiae will be identified in a separate court order and a new briefing schedule will be entered at that time. SCR [18] [6928878] [17-3093] (MM) [Entered: 06/01/2018 02:32 PM] |
| 06/05/2018 | ☐ 19<br>1 pg, 92.02 KB | ORDER: The parties' briefs stricken in this court's order issued on March 26, 2018, are REINSTATED. This court will appoint amicus curiae and enter a briefing schedule by separate order. SCR [19] [6929547] [17-3093] (FP) [Entered: 06/05/2018 01:41 PM] |
| 11/20/2018 | ☐ 20<br>1 pg, 77.29 KB | ORDER: Pursuant to this court's order of June 1, 2018, IT IS ORDERED that Travis S. Andrews, GIBSON, DUNN & CRUTCHER LLP, 1050 Connecticut Avenue, N.W., Washington, DC 20036, is appointed to serve as amicus curiae in support of plaintiff-appellant Anna Chronis. Briefing shall proceed as follows: The pro se appellant shall file her brief and required short appendix on or before February 19, 2019. The amicus curiae shall file its brief on or before February 19, 2019. Defendant-appellee shall file its brief on or before March 21, 2019. The pro se appellant shall file her reply brief, if any, on or before April 4, 2019. The amicus curiae shall file its reply brief on or before April 4, 2019. DW [20] [6966884] [17-3093] (CAG) [Entered: 11/20/2018 12:44 PM] |
| 02/07/2019 | ☐ 21<br>3 pg, 65.75 KB | Circuit Rule 26.1 Disclosure Statement and Appearance filed by Attorney Amir C. Tayrani for Amicus Curiae Travis S. Andrews. [21] [6982832] (L-No; E-Yes; R-No) [17-3093]--[Edited 02/07/2019 by FP to reflect that atty. Tayrani is added to the docket.] (Tayrani, Amir) [Entered: 02/07/2019 10:30 AM] |
| 02/19/2019 | ☐ 22<br>74 pg, 2.61 MB | 10 copies Appellant's brief filed by Appellant Anna Chronis. Disk not required. [22] [6985440] [17-3093] (CM) [Entered: 02/19/2019 02:38 PM] |
| 02/19/2019 | ☐ 23<br>29 pg, 241.86 KB | Submitted brief by Travis S. Andrews for Amicus Curiae Travis S. Andrews. Leave granted by court order. [23] NOTE: Access to this entry is limited to counsel of record. Once the document is approved by the court, it will be filed onto the court's docket as a separate entry which will be open to the public. [6985514] [17-3093] (Andrews, Travis) [Entered: 02/19/2019 03:34 PM] |
| 02/19/2019 | ☐ 24<br>29 pg, 241.86 KB | Amicus brief filed by Amicus Curiae Travis S. Andrews, per order. Paper copies due on 02/27/2019. Electronically Transmitted. [24] [6985713] [17-3093] (MAN) [Entered: 02/20/2019 10:28 AM] |
| 03/21/2019 | ☐ 25<br>22 pg, 111.47 KB | Submitted appellee brief Filed Response by Appellee USA to Brief of Court-Appointed Amicus Curiae. NOTE: Access to this entry is limited to counsel of record. Once the document is approved by the court, it will be filed onto the court's docket as a separate entry which will be open to the public. [25] [6992330] [17-3093]--[Edited 03/21/2019 by MAN to reflect correct document submitted] (Heffron, Scott) [Entered: 03/21/2019 10:45 AM] |
| 03/21/2019 | ☐ 26<br>1 pg, 12.69 KB | ENTRY REMOVED AS ENTERED IN ERROR.--[Edited 03/21/2019 by MAN] (MAN) [Entered: 03/21/2019 12:08 PM] |
| 03/21/2019 | ☐ 27<br>22 pg, 111.47 KB | Appellee's Response Brief to Amicus Brief filed by Appellee USA. Paper copies due on 03/28/2019. Electronically Transmitted. [27] [6992393] [17-3093] (MAN) [Entered: 03/21/2019 12:31 PM] |
| 04/04/2019 | ☐ 28<br>18 pg, 53.65 KB | Submitted brief by Travis Andrews for Amicus Curiae Travis S. Andrews. Leave granted by court order. [28] NOTE: Access to this entry is limited to counsel of record. Once the document is approved by the court, it will be filed onto the court's docket as a separate entry which will be open to the public. [6995457] [17-3093] (Andrews, Travis) [Entered: 04/04/2019 10:12 AM] |
| 04/04/2019 | ☐ 29<br>18 pg, 53.65 KB | Amicus Reply brief filed by Amicus Curiae Travis S. Andrews per order. Paper copies due on 04/11/2019 Electronically Transmitted. [29] [6995466] [17-3093] (LJ) [Entered: 04/04/2019 10:26 AM] |
| 04/04/2019 | ☐ 30<br>41 pg, 1.38 MB | 10 copies Appellant's reply brief filed by Appellant Anna Chronis. Disk not required. [30] [6995488] [17-3093] (DSL) [Entered: 04/04/2019 11:05 AM] |
| 04/05/2019 | ☐ 31<br>4 pg, 136.61 KB | Argument set for Wednesday, May 29, 2019, at 9:30 a.m. in the Main Courtroom, Room 2721. 10 minutes to Amicus and 10 minutes to USA. [31] [6995908] [17-3093] (SK) [Entered: 04/05/2019 02:49 PM] |
| 04/08/2019 | ☐ 32<br>2 pg, 90.51 KB | Argument reset for Wednesday, May 29, 2019 at 9:00 a.m. in the Main Courtroom, Room 2721. 10 minutes to Amicus and 10 minutes to USA.. [32] [6996369] [17-3093] (SK) [Entered: 04/08/2019 04:24 PM] |
| 04/16/2019 | ☐ 33<br>2 pg, 93.57 KB | Brief deficiency letter sent to Amicus Curiae Travis S. Andrews. The Amicus brief was electronically filed on 04/04/2019. The paper copies of this brief were due to be submitted to the Clerk's Office by 04/11/2019. The paper copies have not been received by this court. Paper copies due on 04/23/2019 or the court may issue a Rule of Show Cause order pursuant to Circuit Rule 31. [33] [6998353] [17-3093] (FI) [Entered: 04/16/2019 10:16 AM] |
| 05/17/2019 | ☐ 34<br>15 pg, 603.04 KB | Pro se motion filed by Appellant Anna Chronis for administrative correction of the judicial record. [34] [7005584] [17-3093] (AP) [Entered: 05/17/2019 02:25 PM] |

| | | |
|---|---|---|
| 05/21/2019 | ☐ 35<br>1 pg, 270.88 KB | Received argument confirmation per argument email form for Attorney Travis S. Andrews for Amicus Curiae Travis S. Andrews. [35] [7006118] [17-3093] (CH) [Entered: 05/21/2019 11:49 AM] |
| 05/21/2019 | ☐ 36<br>1 pg, 223.39 KB | Received argument confirmation per argument email form for Attorney Scott D. Heffron for Appellee USA. [36] [7006119] [17-3093] (CH) [Entered: 05/21/2019 11:51 AM] |
| 05/22/2019 | ☐ 37<br>1 pg, 93.4 KB | Order issued GRANTING motion to correct of the judicial record to the extent that the court confirms that appellant Anna Chronis is proceeding pro se on appeal and that Brian James Paul was terminated as counsel for the appellant on May 10, 2018. [34] SCR [37] [7006384] [17-3093] (FP) [Entered: 05/22/2019 11:03 AM] |
| 05/29/2019 | ☐ 38 | Case heard and taken under advisement by panel: Kenneth F. Ripple, Circuit Judge; Ilana Diamond Rovner, Circuit Judge and Amy C. Barrett, Circuit Judge. [38] [7007674] [17-3093] (DSL) [Entered: 05/29/2019 11:14 AM] |
| 05/29/2019 | ☐ 39 | Case argued by Travis S. Andrews for Amicus Curiae Travis S. Andrews and Scott D. Heffron for Appellee USA. [39] [7007675] [17-3093] (DSL) [Entered: 05/29/2019 11:14 AM] |
| 07/29/2019 | ☐ 40<br>23 pg, 316.42 KB | Filed opinion of the court by Judge Barrett. AFFIRMED. Kenneth F. Ripple, Circuit Judge; Ilana Diamond Rovner, Circuit Judge, dissent and Amy C. Barrett, Circuit Judge. [40] [7020231] [17-3093] (ER) [Entered: 07/29/2019 04:21 PM] |
| 07/29/2019 | ☐ 41<br>1 pg, 87.84 KB | ORDER: Final judgment filed per opinion. With costs: yes. [41] [7020235] [17-3093] (ER) [Entered: 07/29/2019 04:23 PM] |
| 07/29/2019 | ☐ 42<br>9 pg, 1.56 MB | INTERNET CITATION NOTE: Material from decision with internet citation. ATTACHED. Judge Rovner Dissent. [42] [17-3093] (BF) [Entered: 08/09/2019 02:32 PM] |

# Cook County
# Clerk of the Circuit Court
## Electronic Docket Search
### Chancery, Domestic/Child Support, Civil and Law Divisions

---

## Case Information Summary for Case Number
## 2017-M1-301196

---

Filing Date: 06/08/2017

Division: Municipal Division
Ad Damnum: $25800.00

Case Type: PERSONAL INJURY(MEDICAL MAL-PRACTICE)
District: First Municipal
Calendar:

### Party Information

**Plaintiff(s)**
CHRONIS ANNA

..................

**Attorney(s)**
PRO SE

**Defendant(s)**
ALEXDANDER TAMIKA
UIH-MILES SQ HEALT

**Defendant Date of Service**

**Attorney(s)**

ARNSTEIN & LEHR
161 N CLARK #4200
CHICAGO IL, 60601
(312) 876-7100

### Case Activity

Activity Date: 06/08/2017

Participant: CHRONIS ANNA

PERSONAL INJURY(MEDICAL MAL-PRACTICE) COMPLAINT FILED

Court Room: 1501
Court Fee: 368.00
Ad Damnum Amount: 25800.00

Attorney: PRO SE

Activity Date: 06/08/2017

Participant: CHRONIS ANNA

SUMMONS ISSUED AND RETURNABLE

Attorney: PRO SE

Activity Date: 06/08/2017

Participant: ALEXDANDER TAMIKA

IF SERVED, FILE AN APPEARANCE ON OR BEFORE =================>

Date: 06/29/2017

Activity Date: 06/27/2017        Participant: UIH-MILES SQ HEALT

SUMMONS RETURNED - N.S. REASON: OTHER REASON

Date: 06/22/2017

Activity Date: 06/27/2017        Participant: CHRONIS ANNA

ALIAS SUMMONS ISSUED AND RETURNABLE

Date: 07/18/2017

Court Time: 0930

Court Fee: 6.00        Attorney: PRO SE

Ad Damnum Amount: 25800.00

Activity Date: 06/27/2017        Participant: CHRONIS ANNA

ALIAS SUMMONS ISSUED AND RETURNABLE

Date: 07/18/2017

Court Time: 0930

Court Fee: 6.00        Attorney: PRO SE

Ad Damnum Amount: 25800.00

Activity Date: 06/27/2017        Participant: CHRONIS ANNA

IF SERVED, FILE AN APPEARANCE ON OR BEFORE =================>

Date: 07/18/2017        Attorney: PRO SE

Activity Date: 06/27/2017        Participant: CHRONIS ANNA

IF SERVED, FILE AN APPEARANCE ON OR BEFORE =================>

Date: 07/18/2017        Attorney: PRO SE

Activity Date: 06/29/2017        Participant: ALEXDANDER TAMIKA

SUMMONS RETURNED - N.S. REASON: OTHER REASON

Date: 06/20/2017

Activity Date: 07/11/2017        Participant: UIH-MILES SQ HEALT

ALIAS SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 07/11/2017

Activity Date: 07/11/2017        Participant: ALEXDANDER TAMIKA

ALIAS SUMMONS RETURNED - N.S. REASON: NO CONTACT

Date: 07/11/2017

Activity Date: 07/20/2017                                 Participant: CHRONIS ANNA

## NOTICE OF MOTION FILED

Attorney: PRO SE

Activity Date: 07/20/2017                                 Participant: CHRONIS ANNA

## MOTION FILED

Attorney: PRO SE

Activity Date: 07/20/2017                                 Participant: CHRONIS ANNA

## MOTION SCHEDULED

Date: 07/31/2017
Court Time: 0845                              Attorney: PRO SE
Court Room: 1501

Activity Date: 07/21/2017                                 Participant: CHRONIS ANNA

## ALIAS SUMMONS ISSUED AND RETURNABLE

Date: 08/04/2017
Court Time: 0930
Court Fee: 6.00                              Attorney: PRO SE
Ad Damnum Amount: 25800.00

Activity Date: 07/21/2017                                 Participant: CHRONIS ANNA

## ALIAS SUMMONS ISSUED AND RETURNABLE

Date: 08/11/2017
Court Time: 0930
Court Fee: 6.00                              Attorney: PRO SE
Ad Damnum Amount: 25800.00

Activity Date: 07/21/2017                                 Participant: CHRONIS ANNA

IF SERVED, FILE AN APPEARANCE ON OR BEFORE ================>

Date: 08/04/2017                              Attorney: PRO SE

Activity Date: 07/21/2017                                 Participant: CHRONIS ANNA

IF SERVED, FILE AN APPEARANCE ON OR BEFORE ================>

Date: 08/11/2017                              Attorney: PRO SE

Activity Date: 07/31/2017                                 Participant: CHRONIS ANNA

STRIKE OR WITHDRAW MOTION OR PETITION - ALLOWED -

Judge: SCHNEIDER, CATHERINE
A.

Activity Date: 08/02/2017                                Participant: ALEXDANDER TAMIKA

ALIAS SUMMONS RETURNED - N.S. REASON: NO CONTACT

Date: 08/02/2017

Activity Date: 08/04/2017                                Participant: UIH-MILES SQ HEALT

APPEARANCE FILED - FEE PAID -

Attorney: ARNSTEIN & LEHR

Activity Date: 08/04/2017                                Participant: UIH-MILES SQ HEALT

APPEARANCE FILED AT THE REGISTER

Court Fee: 467.00                                        Attorney: ARNSTEIN & LEHR

Activity Date: 08/04/2017                                Participant: UIH-MILES SQ HEALT

APPEARANCE FILED - FEE PAID - (JURY DEMAND)

Attorney: ARNSTEIN & LEHR

Activity Date: 08/04/2017                                Participant: CHRONIS ANNA

NOTICE OF MOTION FILED

Attorney: PRO SE

Activity Date: 08/04/2017                                Participant: CHRONIS ANNA

MOTION FILED

Attorney: PRO SE

Activity Date: 08/04/2017                                Participant: CHRONIS ANNA

MOTION SCHEDULED

Date: 08/15/2017
Court Time: 0845                                         Attorney: PRO SE
Court Room: 1501

Activity Date: 08/04/2017                                Participant: CHRONIS ANNA

POSTCARD GENERATED

Attorney: PRO SE

Activity Date: 08/04/2017                                Participant: UIH-MILES SQ HEALT

ELECTRONIC NOTICE SENT

Attorney: ARNSTEIN & LEHR

Activity Date: 08/04/2017                    Participant: UIH-MILES SQ HEALT

CASE SET ON STATUS CALL

Date: 10/10/2017
Court Time: 0930
Court Room: 1501

Activity Date: 08/15/2017                    Participant: WACHOWSKI JOE

APPOINT SPECIAL DEPUTY - ALLOWED -

Judge: SCHNEIDER, CATHERINE
A.

Activity Date: 08/17/2017                    Participant: ALEXDANDER TAMIKA

NOTICE FILED

Attorney: PRO SE

Activity Date: 08/17/2017                    Participant: UIH-MILES SQ HEALT

NOTICE FILED

Attorney: PRO SE

Activity Date: 09/12/2017                    Participant: CHRONIS ANNA

NOTICE OF SERVICE FILED

Attorney: PRO SE

Activity Date: 10/10/2017                    Participant: CHRONIS ANNA

CASE SET ON PROGRESS CALL

Date: 12/29/2017
Court Time: 0930                             Judge: O'MEARA, JOHN A.
Court Room: 1501                             Attorney: PRO SE

Activity Date: 12/22/2017                    Participant: CHRONIS ANNA

EXHIBITS FILED

Attorney: HYINK & SCANNICCHIO
CHTD

Activity Date: 12/22/2017                    Participant: CHRONIS ANNA

MOTION FILED

Attorney: HYINK & SCANNICCHIO
CHTD

Activity Date: 12/29/2017                    Participant: CHRONIS ANNA

CASE SET ON PROGRESS CALL

Date: 03/16/2018                    Judge: SCHNEIDER, CATHERINE
Court Time: 0930                                    A.
Court Room: 1501                    Attorney: PRO SE

Activity Date: 03/09/2018                    Participant: CHRONIS ANNA

MOTION FILED

Attorney: PRO SE

Activity Date: 03/16/2018                    Participant: CHRONIS ANNA

CASE SET ON STATUS CALL

Date: 04/18/2018                    Judge: SCHNEIDER, CATHERINE
Court Time: 0130                                    A.
Court Room: 1501                    Attorney: PRO SE

Activity Date: 03/19/2018                    Participant: CHRONIS ANNA

POSTCARD GENERATED

Attorney: PRO SE

Activity Date: 03/19/2018                    Participant: UIH-MILES SQ HEALT

ELECTRONIC NOTICE SENT

Attorney: ARNSTEIN & LEHR

Activity Date: 04/13/2018                    Participant: CHRONIS ANNA

MOTION FILED

Attorney: PRO SE

Activity Date: 04/18/2018                    Participant: CHRONIS ANNA

CASE SET ON STATUS CALL

Date: 12/19/2018
Court Time: 0130                    Judge: SCHNEIDER, CATHERINE
Court Room: 1501                                    A.

Activity Date: 04/19/2018                              Participant: CHRONIS ANNA

POSTCARD GENERATED

Attorney: PRO SE

Activity Date: 04/19/2018                              Participant: UIH-MILES SQ HEALT

ELECTRONIC NOTICE SENT

Attorney: ARNSTEIN & LEHR

Activity Date: 12/12/2018                              Participant: CHRONIS ANNA

PRE-TRIAL MEMORANDUM FILED

Attorney: PRO SE

Activity Date: 12/12/2018                              Participant: CHRONIS ANNA

CASE ELECTRONICALLY FILED

Attorney: PRO SE

Activity Date: 12/19/2018                              Participant: CHRONIS ANNA

CASE SET ON STATUS CALL

Date: 08/21/2019
Court Time: 0130                           Judge: SCHNEIDER, CATHERINE
Court Room: 1501                                           A.

Activity Date: 12/20/2018                              Participant: CHRONIS ANNA

POSTCARD GENERATED

Attorney: PRO SE

Activity Date: 12/20/2018                              Participant: UIH-MILES SQ HEALT

ELECTRONIC NOTICE SENT

Attorney: ARNSTEIN & LEHR

Activity Date: 08/21/2019                              Participant: ALEXDANDER TAMIKA

MOTION TO - ALLOWED -

Judge: BROOKS, LLOYD JAMES

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency

of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Order                                                      (Rev. 02/24/05) CCG N002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Line# 33
1:30

Anna Chronis
             v.

No. 2017 M1 307196

United States of America

#### ORDER

This case was removed to federal court as case number 17 CV 5838 in the Northern District of Illinois on August 17, 2017. Therefore, the state court shall proceed no further.

Attorney No.: 6313015
Name: Scott D. Heffron-USAO
Atty. for: United States
Address: 219 S. Dearborn St Suite500
City/State/Zip: Chicago, IL 60604
Telephone: 312-886-4190

Judge Lloyd James Brooks

AUG 21 2019

**ENTERED:**     Circuit Court- 2246

Dated: _____

Judge                    Judge's No.

#2246

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA CHRONIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 5838 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court grants Defendant's motion to dismiss for failure to exhaust administrative remedies [7]. All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

On August 10, 2017, the United States removed pro se Plaintiff's state court lawsuit against Defendants Tamika Alexander, MD and the University of Illinois Mile Square Health Center ("Health Center"), which receives grant money from the Public Health Service under 42 U.S.C. § 233. Also on August 10, 2017, the United States was substituted as Defendant under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1356. Before the Court is Defendant's motion to dismiss for failure to exhaust administrative remedies. For the following reasons, the Court grants Defendant's motion.

## LEGAL STANDARD

The FTCA is a limited waiver of the sovereign immunity of the United States imposing liability "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also Dolan v. USPS*, 546 U.S. 481, 485 (2006); *Watkins v. United States*, 854 F.3d 947, 948 (7th Cir. 2017). The FTCA is the exclusive remedy for non-constitutional torts committed by employees of the federal government. *See Levin v. United States*, 133 S.Ct. 1224, 1229 (2013); *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013). The FTCA requires that plaintiffs present their claims to the appropriate federal agency and receive a written denial before bringing an FTCA action in court. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-12 (1993) ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). "The Supreme Court has noted that the purpose of the FTCA's exhaustion requirement is to facilitate the administrative evaluation of tort claims by the agency whose activity gave rise to the claim and permit settlement of meritorious claims more quickly and without litigation." *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005).

A-1

## BACKGROUND

Construing her pro se Complaint liberally, *see Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017), Plaintiff alleges medical malpractice claims based on a routine gynecological exam that took place on June 8, 2015. (R. 1, Ex. A, Compl. ¶ 14.) On that date, Dr. Tamika Alexander performed a routine PAP smear, which resulted in a vulvar contusion causing Plaintiff pain and suffering and necessitating further medical care at another facility. (*Id.* ¶ 16.) Plaintiff contends that the contusion was caused by the deviation from the proper medical standard of patient care. (*Id.* ¶ 19.) Plaintiff further alleges that from June 9 through June 26, 2015, no one from the Health Center would return her calls to discuss medical results or allow her to make another appointment. (*Id.* ¶ 27.) As such, Plaintiff asserts that Dr. Alexander's and the Health Center's treatment and abandonment fell below the required standard of care. (*Id.* ¶ 29.) Also, Plaintiff contends that the Health Center delayed her medical care as to a screening mammogram. (*Id.* ¶¶ 33, 34.) Further, Plaintiff alleges that the Health Center engaged in a sustained and deliberate effort to obstruct health care delivery. (*Id.* ¶ 30.)

## ANALYSIS

In response to Defendant's motion to dismiss for failure to exhaust, pro se Plaintiff argues that she exhausted her administrative remedies through the Centers for Medicare and Medicaid Services ("CMS"), a federal Administrator of the Medicaid Program, and the Administrative Procedures outlined by the University of Illinois Health Plus Program Manual. After reviewing the documents attached to Plaintiff's response, it is true that Plaintiff contacted the CMS, a Medicaid administrator, and filed a grievance about Dr. Alexander, as well as submitting a complaint about Dr. Alexander to the Illinois Department of Professional Regulation. These actions, however, did not properly exhaust her medical malpractice claims.

To clarify, exhaustion under the FTCA requires that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). The appropriate federal agency in this matter is the United States Department of Health and Human Services. *See Arteaga*, 711 F.3d at 831. In order to present an administrative claim, a plaintiff must file either a standard form 95 or other written notification of the incident, accompanied by a claim for money damages, to the appropriate federal agency. *See* 28 C.F.R. § 14.2(a); *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015). Indeed, "a proper administrative claim under the FTCA contains four elements: (1) notification of the incident; (2) a demand for money damages in a sum certain; (3) the title or legal capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014).

Here, although it appears that pro se Plaintiff was in contact with the Illinois Department of Healthcare and Human Services in November 2015, this is not the appropriate *federal* agency. As to CMS' January 7, 2016 letter to Plaintiff, from its content it is clear that this letter was responding to Plaintiff's professional regulation allegations and not to an administrative claim.

A −2

Moreover, after presenting an administrative claim to the United States Department of Health and Human Services, the federal agency must have denied Plaintiff's claim before she can bring the present lawsuit. *See McNeil*, 508 U.S. at 111-12; 28 U.S.C. § 2675(a). Pro se Plaintiff does not allege or argue that she has fulfilled this necessary exhaustion step.

Because pro se Plaintiff has not exhausted her administrative remedies, the Court grants Defendant's motion to dismiss without prejudice.

Dated: September 8, 2017

AMY J. ST. EVE
United States District Court Judge

A – 3

# EXHIBIT C

17 August 2019

Anna Chronis
3759 North England Avenue
Chicago, Illinois 60634

RE:  Administrative Tort Claim
     Claim Number:      2018-0052

CERTIFIED-RETURN RECEIPT REQUESTED

Office of The General Counsel
General Law Division
Claims and Employment Law Branch
330 C. Street, SW
Switzer Building, Suite 2100
Washington D.C. 20201

Attention: William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

Dear Mr. Biglow:

Your assertion that my claim is not timely is **incorrect**.

> 28 U.S.C. § 2401(b) provides:  A tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency within two years after such
> claim accrues or unless action is begun within six months after the date of mailing, by certified or
> registered mail, of notice of final denial of the claim by the agency to which it was presented.

Whether it is a tax return sent to the Internal Revenue Service for tax purposes, or a motion
for reconsideration, the due date is considered met from the date of "mailing".  As a Tax
professional and someone who has participated in dozens of corporate restructurings and
mergers, I am well aware of how deadlines to "government agencies" such as yours are
calculated.  I have enclosed a Proof of Service, Clearly showing that my motion for
reconsideration was Mailed, in a timely fashion, **on April 30th, 2019. (Proof of Service
Exhibit I, page 1)**, clearly indicating the document you received on May 6th was timely.

The purpose of the FATCA, is for Agencies in engage in active settlement negotiations.  You
are clearly not following the "spirit of the law" but looking for reasons to dismiss my claim.
As an Attorney, you are also aware as we are in an Appeal Process at the 7th Circuit of

Appeals that different "tolling statutes" may apply given an active case regarding the issue referred to above. I have attached your letter, [Exhibit II] and you have a choice, to rely on the FACTS and open it for Reconsideration, or argue your case in court as I may consider this letter as a demonstration of a lack of intent of your department to engage in good faith negotiations and thus exhaustive as I continue my case in Federal Court.

You can declare my filing timely in writing within 15 days of receipt of this letter, or you can argue your case in Federal Court, on "timeliness" via your government attorneys.

Regards,

Anna Chronis

Enclosure 1:   Post office Certified Mail demonstrating the letter was mailed on 30 April 2019.

Enclosure 2:   DHHS letter dated August 7, 2019, received 15 August, 2019

Exhibit I

SCHILLER PARK
9460 IRVING PARK RD
SCHILLER PARK
IL
60176-1956
1628920176
(800)275-8777          12:54 PM
04/30/2019                Final
Product        Sale       Price
Description     Qty

First-Class        1        $1.15
Mail
Large Envelope
(Domestic)
(WASHINGTON, DC 20204)
(Weight:0 Lb 1.50 Oz)
(Estimated Delivery Date)
(Friday 05/03/2019)
Certified                         $3.50
(@USPS Certified Mail #)
(70182900001299511363)
Total                             $4.65

Credit Card Remit'd               $4.65
(Card Name:MasterCard)
(Account #:XXXXXXXXXXXX9045)
(Approval #:007702)
(Transaction #:464)
(AID:A0000000041010)
(AL:MASTERCARD          Chip)
(PIN:Not Required     CAPITAL ONE)

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com



U.S. Postal Service
CERTIFIED MAIL RECEIPT

Certified Mail Fee  $3.50      0176
                               07
Extra Services & Fees (check box, add fee as appropriate)
□ Return Receipt (hardcopy)      $0.00
□ Return Receipt (electronic)    $0.00      Postmark
□ Certified Mail Restricted Delivery  $0.00   Here
□ Adult Signature Required       $0.00
□ Adult Signature Restricted Delivery $
Postage  $1.15
Total Postage and Fees  $4.65
                                04/30/2019
Sent To  S. Dept. HH S/ Wm Bigelow
Street and Apt. No., or PO Box No. 330 C Street S.W. Suite Pls 260
City, State, ZIP+4  W.R. Johnston DC. 20201

7018 2590 0001 2995 1363

Exhibit I  pd 1/2

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

Remove ✕

Tracking Number: 70182290000129551363

**Expected Delivery on**

# MONDAY
# 6 MAY 2019 ① by 8:00pm ①

## ☑ Delivered

May 6, 2019 at 7:27 am
Delivered, To Agent
WASHINGTON, DC 20201

Get Updates ⋁

---

**Text & Email Updates** ⋁

---

**Tracking History** ⋀

May 6, 2019, 7:27 am
Delivered, To Agent
WASHINGTON, DC 20201
Your item has been delivered to an agent at 7:27 am on May 6, 2019 in
WASHINGTON, DC 20201.

May 5, 2019, 1:16 pm
Available for Pickup

*Exhibit I: p 2/2*

5/13/2019, 3

(Exhibit 10)



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2100
Washington, DC 20201

AUG 0 7 2019

**CERTIFIED-RETURN**
**RECEIPT REQUESTED**
Ms. Anna Chronis
3759 North New England Avenue
Chicago, IL 60634

Re:   **Administrative Tort Claim of Anna Chronis**
       Claim No. 2018-0052

Dear Ms. Chronis:

On October 30, 2017, you filed an administrative tort claim under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, alleging, *inter alia*, that, on June 8, 2015,
Tamika Alexander, M.D., an employee of Mile Square Health Center, in Chicago, Illinois,
provided you with negligent medical care and treatment during your annual physical
examination, which included a pap smear/HPV screening, resulting in you suffering a vulvar
contusion. By letter dated October 31, 2018, your administrative tort claim was denied, and you
were notified of the right to request reconsideration within six months from the date of mailing
of the denial letter. On May 6, 2019, this agency received your request for reconsideration. The
agency now responds to your request for reconsideration with regard to your administrative tort
claim.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against
the United States for, *inter alia*, injury caused by the negligent or wrongful act or omission of
any employee of the Federal government while acting within the scope of employment under
circumstances where the United States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission occurred. This letter constitutes
the notice of final determination on this claim, as required by 28 U.S.C. § 2401(b) (2011).

Your claim was initially denied because the evidence failed to establish that any of your alleged
injuries were due to the negligent or wrongful act or omission of a federal employee acting

Exhibit II: p1/2

Anna Chronis
Administrative Tort Claim of Anna Chronis
Page 2

within the scope of employment. You were informed, on October 31, 2018, that if you were dissatisfied with the Agency's determination, you were entitled to file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of the determination pursuant to 28 C.F.R. § 14.9; or file suit against the United States in the appropriate federal district court within six (6) months from date of mailing of the determination pursuant to 28 U.S.C. § 2401(b). Your request for reconsideration was not received by this agency until May 6, 2019, more than six months after the mailing of the denial letter. Accordingly, the administrative tort claim is closed and cannot be reconsidered.

Sincerely,

William A Biglow (by jcc)

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

Exhibit II  p2/2.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims and Employment Law Branch
330 C Street, SW
Switzer Building, Suite 2100
Washington, DC 20201

AUG·0 7 2019

**CERTIFIED-RETURN**
**RECEIPT REQUESTED**
Ms. Anna Chronis
3759 North New England Avenue
Chicago, IL 60634

Re:     **Administrative Tort Claim of Anna Chronis**
Claim No. 2018-0052

Dear Ms. Chronis:

On October 30, 2017, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, alleging, *inter alia*, that, on June 8, 2015, Tamika Alexander, M.D., an employee of Mile Square Health Center, in Chicago, Illinois, provided you with negligent medical care and treatment during your annual physical examination, which included a pap smear/HPV screening, resulting in you suffering a vulvar contusion. By letter dated October 31, 2018, your administrative tort claim was denied, and you were notified of the right to request reconsideration within six months from the date of mailing of the denial letter. On May 6, 2019, this agency received your request for reconsideration. The agency now responds to your request for reconsideration with regard to your administrative tort claim.

The Federal Tort Claims Act authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury caused by the negligent or wrongful act or omission of any employee of the Federal government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. This letter constitutes the notice of final determination on this claim, as required by 28 U.S.C. § 2401(b) (2011).

Your claim was initially denied because the evidence failed to establish that any of your alleged injuries were due to the negligent or wrongful act or omission of a federal employee acting

Anna Chronis
Administrative Tort Claim of Anna Chronis
Page 2

within the scope of employment. You were informed, on October 31, 2018, that if you were dissatisfied with the Agency's determination, you were entitled to file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of the determination pursuant to 28 C.F.R. § 14.9; or file suit against the United States in the appropriate federal district court within six (6) months from date of mailing of the determination pursuant to 28 U.S.C. § 2401(b). Your request for reconsideration was not received by this agency until May 6, 2019, more than six months after the mailing of the denial letter. Accordingly, the administrative tort claim is closed and cannot be reconsidered.

Sincerely,

William A Biglow (by jcc)

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

# <u>Request / Motion for Reconsideration</u>

April 30, 2019

Anna Chronis
3759 North New England Avenue
Chicago, Illinois 60634

U.S. MAIL CERTIFIED – RETURN RECEIPT REQUESTED

U.S. Department of Health and Human Services
Mr. William A. Biglow
Office of the General Counsel
General Law Division,
Claims OFFICE
Attention: Claims
330 C Street, S.W.
Switzer Building, Suite 2600
Washington D.C. 20201

CLAIM NO. 2018-0052

To Whom It May Concern:

I request reconsideration of the "final" October 31, 2018 denying my claim under 28 CFR §14.9. My request is timely and has been mailed within six months of the mailing of the determination (April 30, 2019) [Exhibit A]. I am following the procedure detailed to me by Mr. Daniel F. Mendoza on April 24, 2019 correspondence [Exhibit B].

**Litigation Summary**

On September 8, 2017, United District Court Judge Amy J. St. Eve issued a final opinion granting a motion to dismiss **without** Prejudice based on a "failure to exhaust administrative options" temporarily dismissing the case but allowing the clock to stop tolling subject to a filing during a 60 day period from the issuance of the Opinion, which is November 8th, 2017.

**I have concurrently filed an appeal in the 7th Circuit of Appeals, maintaining that all administrative options have already been exhausted, that there was a deliberate attempt to deny me my 14th Amendment Rights to Due Process using deceptive and fraudulent tactics by Key Actors in the Case, and that the case should be remanded back to the cook county circuit court or continue in litigation in the Federal Courts should the Department of Justice retain Certification of the individuals as "federal employees".** My appeal was successfully docketed in the Seventh Circuit of Appeals on 10/11/2017 and Docketing Statements and Transcript Information Sheets filed in accordance

with Court Issued Deadlines. A scheduling order for the filing of Briefs was issued and all briefs were filed in a timely manner (7th Circuit of Appeals Docket #17-3093) from 10/24/2017 to 1/02/2018. Additional Briefing was requested by the court and an amicus curiae appointed 11/20/2018. All additional briefing by the Plaintiff, Anna Chronis, the Amicus Curiae, GIBSON, DUNN, & CRUTCHER LLP, and the US Government on behalf of UI Health, and Tamika Alexander, MD the underlying plaintiffs were submitted from 2/19/2019 to 4/04/2019. Oral Arguments are set for May 29, 2019 at 9 am in the Main Courtroom in Room 2721. A technical deficiency by counsel was cured on April 17, 2019.

Please do not hesitate to contact me, if you require any additional information in your Reconsideration of my claim in the Amount of $25,800

Sincerely,

Anna Chronis
3759 North New England Avenue
Chicago, Illinois 60634
E-mail: anna.chronis@yahoo.com
Phone: (312) 838-6677

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2395
Fax: (202) 691-2035

Date:  OCT 3 1 2018

**U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**
(Article No. 7016 1370 0001 3674 5601)

Ms. Anna Chronis
3759 North New England Avenue
Chicago, IL 60634

Re:  **Administrative Tort Claim of Anna Chronis**, Claim No. 2018-0052

Dear Ms. Chronis:

On October 30, 2017, you filed an administrative tort claim under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia*, that, on June 8, 2015,
Tamika Alexander, M.D., an employee of Mile Square Health Center, located in Chicago,
Illinois, provided negligent medical care and treatment during a routine annual physical, which
included a pap smear/HPV screening, resulting in you suffering a vulvar contusion.

The FTCA authorizes the settlement of any claim of money damages against the United States
for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any
employees of the Federal Government, while acting within the scope of employment.   Under the
FTCA, said act or omission must be such that the United States, if a private person, would be
liable to the claimant in accordance with the law of the place where the act or omission occurred.
28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your administrative tort claim, as
required by 28 U.S.C. §§ 2401(b), 2675(a).   The administrative tort claim of Anna Chronis is
denied.

If you are dissatisfied with this determination, you are entitled to:

1.  file a written request with the agency for reconsideration of the
    final determination denying the claim within six (6) months from the
    date of mailing of this determination (28 C.F.R. § 14.9); or

2.  file suit against the United States in the appropriate federal district court within
    six (6) months from the date of mailing of this determination (28 U.S.C. §
    2401(b)).

Ms. Anna Chronis
Re:   Claim No. 2018-0052
Pg. 2

In the event you request reconsideration, the Agency will review the claim within six (6) months
from the date the request is received.   If the reconsidered claim is denied, you may file suit
within six (6) months from the date of mailing of the final determination.

Sincerely,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

Exhibit 9

RE: Question regarding Administrative Appeals Procedures - Case 2018-0052_24Apr19--My resposne_24Apr19

From: Mendoza, Daniel F. (HHS/OGC) (Daniel.Mendoza@HHS.GOV)

To: anna.chronis@yahoo.com

Date: Wednesday, April 24, 2019, 12:23 PM CDT

Hello Ms. Chronis. There is no form to fill out or send. All you do is write a letter to Mr. William A. Biglow, requesting reconsideration for the administrative tort claim.

Sincerely,

Daniel F. Mendoza

Paralegal Specialist

U.S. Department of Health and Human Services

Office of the General Counsel/General Law Division

Claims Office

330 C Street, SW.

Switzer Bldg., Suite 2600

Washington, D.C. 20201

(202) 691-2395

Daniel.Mendoza@hhs.gov

NOTICE: This communication, along with any attachments, may contain information that is legally privileged, confidential, or exempt from disclosure, and is not for distribution, dissemination, use, forwarding, or copying by anyone other than the intended recipient. Please consult the sender by telephone or return email before disclosing any information included in this e-mail. If you have received this e-mail in error, please notify the sender immediately and delete it from your computer.

From: Anna Chronis <anna.chronis@yahoo.com>
Sent: Wednesday, April 24, 2019 12:55 PM
To: Mendoza, Daniel F. (HHS/OGC) <Daniel.Mendoza@HHS.GOV>
Subject: Question regarding Administrative Appeals Proceedures - Case 2018-0052_24Apr19

Dear Mr. Mendoza,

Can you please direct me to the appropriate forms / web site to potentially file for re-determination for reconsideration of the Administrative Tort Claim.

Thank you,

Anna Chronis



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2395
Fax: (202) 691-2035

Date:  OCT 3 1 2018

## U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED
(Article No. 7016 1370 0001 3674 5601)

Ms. Anna Chronis
3759 North New England Avenue
Chicago, IL 60634

Re:  **Administrative Tort Claim of Anna Chronis,** Claim No. 2018-0052

Dear Ms. Chronis:

On October 30, 2017, you filed an administrative tort claim under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, alleging, *inter alia,* that, on June 8, 2015,
Tamika Alexander, M.D., an employee of Mile Square Health Center, located in Chicago,
Illinois, provided negligent medical care and treatment during a routine annual physical, which
included a pap smear/HPV screening, resulting in you suffering a vulvar contusion.

The FTCA authorizes the settlement of any claim of money damages against the United States
for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any
employees of the Federal Government, while acting within the scope of employment.  Under the
FTCA, said act or omission must be such that the United States, if a private person, would be
liable to the claimant in accordance with the law of the place where the act or omission occurred.
28 U.S.C. § 2672.

This letter constitutes the notice of final determination of your administrative tort claim, as
required by 28 U.S.C. §§ 2401(b), 2675(a).   The administrative tort claim of Anna Chronis is
denied.

If you are dissatisfied with this determination, you are entitled to:

1. file a written request with the agency for reconsideration of the
   final determination denying the claim within six (6) months from the
   date of mailing of this determination (28 C.F.R. § 14.9); or

2. file suit against the United States in the appropriate federal district court within
   six (6) months from the date of mailing of this determination (28 U.S.C. §
   2401(b)).

Ms. Anna Chronis
Re: Claim No. 2018-0052
Pg. 2

In the event you request reconsideration, the Agency will review the claim within six (6) months from the date the request is received. If the reconsidered claim is denied, you may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch

# EXHIBIT D

LMA • 4700 N MARINE DR, CHICAGO IL 60640-7972

**CHRONIS, ANNA (id #2841474, dob: 07/04/1971)**

 **Chicago Health Medical Group**

4700 N Marine Dr
Suite 300
Chicago, IL 60640
Phone: 773-564-5355
Fax: 773-564-5359

Date: 09/21/2015

Dear: Anna Chronis

Thank you for choosing our office for your healthcare needs. Our goal is to provide you with quality care and a positive patient experience. order to help us achieve this goal, my office is actively participating in a program called Meaningful Use. Two main objectives of this program a to improve the quality, safety, and efficiency of healthcare and to engage patients and families in their care.

To help us achieve our goals and the objectives of this program, I am providing you a summary of your visit on 07/01/2015. This is importa information for you to review and share with your other healthcare providers. Information that you may feel is out dated or incorrect can b discussed at your next visit.

Again, thank you for allowing me to be part of your healthcare team. Please feel free to contact me if you have any questions.

Sincerely yours,

AZRA SADIKOVIC, MD

## Patient Care Summary for Anna Chronis

## Most Recent Encounter
07/01/2015 Azra Sadikovic: 4700 N Marine Dr, Suite 300, Chicago, IL 60640-7972, Ph. tel:+1-773-5645355

## Reason for Visit
New Patient
new patient here for vaginal exam—c/o pain and discomfort after papsmear on 6/8/15—njohnson cma

## Assessment and Plan

The following list includes any diagnoses that were discussed at your visit.

1. Vulval pain

Vulvar pain x 3 weeks; located at vaginal introitus at 6 o'clock; pain provoked with touching. No other symptoms. patient states pain started after routine gyn exam 3 weeks ago; denies any pain before that. Will send genital cultures to r/o infection. Send FSH, E2 to r/o hypoestrogenism. Patient very anxious and tearful during exam, states very stressed out about job related events in past several weeks. Denies SI/HI. Possible psychological component of pain. Declined psychology/ psychiatry referral. Possibility of vulvodynia/ vestibulodynia. Return for reevaluation in 3 weeks.

• FSH (follicle-stimulating hormone), serum

• estradiol, serum

• unlisted lab - one-swab test

Discussion Note: None recorded.

Patient educational handouts: No information available.

LMA                                                Chronis, Anna (ID: 2841474), DOB: 07/04/1971

LMA · 4700 N MARINE DR, CHICAGO IL 60640-7972

## CHRONIS, ANNA (id #2841474, dob: 07/04/1971)

### Plan of Care

**Reminders**

**Provider**

| Appointments | None recorded. | | |
|---|---|---|---|
| Lab | FSH (Follicle-stimulating Hormone), Serum | 07/01/2015 | Chicago Market Labs INC |
| | Estradiol, Serum | 07/01/2015 | Chicago Market Labs INC |
| | Unlisted Lab | 07/01/2015 | Medical Diagnostic Laboratories (Mdlab) |
| Referral | None recorded. | | |
| Procedures | None recorded. | | |
| Surgeries | None recorded. | | |
| Imaging | None recorded. | | |

## Current Medications

Your medical record indicates you are on the following medicine. If this list is not consistent with the medications you are currently taking, or if you are taking additional over-the-counter medicines, please inform your provider.

Notes: otc allergy meds

## Medications Administered

None recorded.

## Vitals

| Height | Weight | BMI | Blood Pressure | |
|---|---|---|---|---|
| 5 ft 1 in | 126 lbs | 23.8 | 128/78 | |
| **Last Menstrual Period** | | **Pain Scale** | **Temperature** | **Heart Rate** |
| 06/18/2015 | | 6 | 98.7 F° oral | 76 |

Notes:
vulvar pain

## Lab Results

| Date | Name | Result Description | Status |
|---|---|---|---|
| 07/01/2015 | CT + NG + TV, DNA, Urine/swab | Normal Chlamydia Trachomatis by Real-time PCR (Reflex to Azithromycin Resistance by Pyrosequencing): negative | Final |
| | | Normal Trichomonas Vaginalis by Real-time PCR (Reflex to Metronidazole Resistance): negative | Final |
| | | Normal Neisseria Gonorrhoeae by Real-time PCR (Reflex to Antibiotic Resistance by Molecular Analysis): negative | Final |
| 07/01/2015 | Bacterial Vaginosis Panel, Vaginal | Normal Gardnerella Vaginalis by Real-time PCR: negative | Final |
| | | Normal Atopobium Vaginae by Real-time PCR: negative | Final |
| | | Normal Bacterial Vaginosis Associated Bacteria 2 (Bvab2) by Real-time PCR: negative | Final |
| | | Normal Megasphaera Species (Type 1 and Type 2) by Real-time PCR: negative | Final |

LMA        Chronis, Anna (ID: 2841474), DOB: 07/04/1971

LMA • 4700 N MARINE DR. CHICAGO IL 60640-7972

## CHRONIS, ANNA (id #2841474, dob: 07/04/1971)

| Date | Name | Result | Description | Status |
|------|------|--------|-------------|--------|
| 07/01/2015 | Bacterial Vaginosis + Vaginitis Panel, Vaginal | Normal | Group B Streptococcus (Gbs) by Real-time PCR: negative | Final |
| | | Normal | Escherichia Coli by Real-time PCR: negative | Final |
| | | Normal | Enterococcus Faecalis by Real-time PCR: negative | Final |
| | | Normal | Staphylococcus Aureus by Real Time PCR: negative | Final |
| 07/01/2015 | Candida Sp DNA, Vaginal | Normal | Candida Albicans by Real-time PCR: negative | Final |
| | | Normal | Candida Tropicalis by Real-time PCR: negative | Final |
| | | Normal | Candida Parapsilosis by Real-time PCR: negative | Final |
| | | Normal | Candida Glabrata by Real-time PCR: negative | Final |

## Allergies

Please review your allergy list for accuracy. Contact your provider if this list needs to be updated.

| Name | Reaction | Severity | Onset |
|------|----------|----------|-------|
| NKDA | | | |

## Problems

| Name | Status | Onset Date | Source |
|------|--------|------------|--------|
| Vulval Pain | Active | | Encounter |

## Procedures

None recorded.

## Vaccine List

Here is a copy of your most up-to-date vaccination list.

None recorded.

## Smoking Status

| Smoking Status | Never Smoker |
|----------------|--------------|

## Past Encounters

07/01/2015
Vulval Pain
Azra Sadikovic, MD: 4700 N Marine Dr, Suite 300, Chicago, IL 60640-7972, Ph. (773) 564-5355

## Demographics

| Sex: | Female | Ethnicity: | Information not available |
|------|--------|------------|---------------------------|
| DOB: | 07/04/1971 | Race: | White |
| Preferred language: | English | Marital status: | Never Married |

Contact: 3759 N New England, Chicago, IL 60634, Ph. tel:+1-773-7361744

EXHIBIT I

**AFFIDAVIT OF MEDICAL RECORDS**

**STATE OF ILLINOIS**

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT COOK COUNTY**

ANNA CHRONIS                                    )

    Plaintiff,                              )

    vs.                                     )    No. _____

TAMIKA ALEXANDER, M.D.,                          )
UIH-MILE SQUARE HEALTH CENTER,
~~_____~~                     )

    Defendants.

I, the Undersigned, ANNA CHRONIS, Plaintiff, on oath, states that the following facts are true to
my knowledge:

  1. I have attached a Final Report for ANNA CHRONIS' medical treatment on July 1, 2015 and
subsequently, from AZRA SADIKOVIC, MEDICAL DOCTOR AND OB/GYN, whose service was
required due to the proximate causality of the Defendants' Actions and their negligence.

  2. I believe that this medical report sufficiently fulfills the preliminary conditions under ILCS 786
5/2-622 in medical malpractice cases.  However, if required, I will file additional information
and disclosures, regarding the qualifications of the Medical expert or specific test results, within
90 days, if requested by the Court.

3. I, ANNA CHRONIS, certify that on June 1, 2015, I received the Medical Treatments detailed in
the attached report from AZRA SADAKOVIC, Medical Doctor, board certified AND Licensed
Physician, in Obstetrics & Gynecology in the State of Illinois.

4. I believe that based on the Medical Report of the Treating Physician, whose treatment was
required after the tortious malpractice committed by the Defendants, against me, the Plaintiff,
ANNA CHRONIS.

5. I believe that AZRA SADAKOVIC, M.D. meets all of the requirements and qualifications as
required under 735 ILCS 735, §5/8-2501.  She is a Board Certified and Licensed to Practice
Physician Active in the State of Illinois under License Numbers 036128491, and 336093249.

1/5

6. I, the undersigned swears that the Final Medical Records are exact duplicates of the Original Medical Records and have not been altered in any way from the Originals.

Signed: _Anne Chronis_

**Anna Chronis**
Affiant
3759 North New England Avenue
Chicago, Illinois 60634
1 (312) 838-6677
Anna.chronis@yahoo.com

Signed and sworn to before me, a Notary Public, of ___Cook___ County, Illinois, by ___Anna Chronis___, this _6_ day of ___June___, 2017.

**Notary Public**

My Commission Expires on: 01-02-2018

MONICA L. LEWIS
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
January 02, 2018

2/5

# EXHIBIT E

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

September 20, 2019

To:     Thomas G. Bruton
        UNITED STATES DISTRICT COURT
        Northern District of Illinois
        Chicago , IL 60604-0000

| | |
|---|---|
| No. 17-3093 | ANNA CHRONIS, <br> Plaintiff - Appellant <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Defendant - Appellee |

| **Originating Case Information:** |
|---|
| District Court No: 1:17-cv-05838 <br> Northern District of Illinois, Eastern Division <br> District Judge Amy J. St. Eve |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:          No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

Case: 17-3093    Document: 41    Filed: 07/29/2019    Pages: 1

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

July 29, 2019

Before:    KENNETH F. RIPPLE, Circuit Judge
           ILANA DIAMOND ROVNER, Circuit Judge
           AMY C. BARRETT, Circuit Judge

| No. 17-3093 | ANNA CHRONIS, Plaintiff - Appellant |
| | v. |
| | UNITED STATES OF AMERICA, Defendant - Appellee |

**Originating Case Information:**

District Court No: 1:17-cv-05838
Northern District of Illinois, Eastern Division
District Judge Amy J. St. Eve

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: c7_FinalJudgment(form ID: 132)

# EXHIBIT F



**UIC** COLLEGE OF
UNIVERSITY OF ILLINOIS MEDICINE
AT CHICAGO

Department of Family Medicine (MC 663)
Applied Health Sciences Building
1919 West Taylor Street
Chicago, Illinois 60612-7248

November 17, 2015
Mark Potter, MD

Ms. Anna Chronis
3759 North New England Avenue
Chicago, Illinois, 60634

Dear Ms Chronis,

This letter is written as an additional response to your letters to Mr Chris Fuchs dated August 26, 2015, and September 24, 2015 my letter to you dated October 17, 2015 and your letter to me dated November 2, 2015 regarding a grievance under UI Health Plus.

I again like to extend my personal apologies to you for any dissatisfaction, discomfort, inconvenience, additional costs or other negative outcomes you have perceived in relation to your care through UI Health Plus. I hope that the responses below might demonstrate that the concerns you raised have been reviewed and handled according to the correct procedures. It is always our goal to provide good quality care, including meeting the needs and requests of all of our members whenever possible.

I would like to provide brief responses to some of the concerns that I perceived in your letters referenced above. Please forgive me if I appear to incompletely understand your experience or mischaracterize your communication. I do not expect that I have a perfect understanding of the situation, or that my responses will lead to a complete resolution of your concerns. I do hope that by providing a more detailed response to you that there might be some re-assurance that attention is being devoted to the important issues that you have raised.

As the Medical Director I am limiting my responses in this letter to what I understand to be the strictly medical issues you have raised.

In regards to your letter dated November 2, 2015, I was unable to retrieve a full voice message from you. I did receive a message identifying your name, then the message machine did not capture any more. My desk phone number is 312-996-4575.

- My understanding is that you would like UI Health Plus to reimburse you for the cost of your encounter with Dr Azra Sadikovic on July 1, 2015. That bill can be submitted by Dr Sadikovic to Illinois HFS for payment. It was Mr Fuchs intention to communicate this information to you in his letter to you which you included as exhibit II in your letter to Mr Fuchs dated September 24th. It was also

A19/A25

my intention to communicate this information to you in my letter to you dated October 17, 2015. You would not be responsible for that bill if it were submitted to Illinois HFS as described in Mr Fuch's letter to you, and paid by Illinois HFS as it very likely would be.

- Another important report in your letter to Mr Fuchs dated September 24 is what you describe as "issues lingering with my breast exam also." I hope you will please report these issues to a doctor as soon as possible, either in our system or elsewhere so that any outstanding medical issues may be addressed as soon as possible. Within our system options for further medical care for this issue include the UIH General Medicine Clinic where you saw Dr Li in April, whose communication you reported as being acceptable. Or, if you would like, the Center for Women's Health could be an option. An appointment in either office could be made through our Customer Care Center at 312-996-1682.

- The only additional direct medical concern I could identify from your letter of November 2, beyond those concerns described in your letter of September 24, is "having an ultrasound for a breast …. is not recommended by the American Cancer Society." I am not confident that I accurately understand what your concern in this area. Physicians at UI Health Plus would be happy to discuss the diagnostic application of breast ultrasound with you if you like. These services could accessed through the contact mechanisms described in bullet 2 above, or as described in your UI health Plus member handbook. Another source of information about our recommendation for use of breast ultrasound could be obtained by contacting the UIH Department of diagnostic Services at 312-413-4900. In review of our medical records what I could find that related to breast ultrasound was that the Radiologist who interpreted your screening mammogram performed on June 11, 2015 recommended that you return for additional diagnostic mammogram views and ultrasound of the right breast. It appears in our chart that you had an appointment scheduled for this additional evaluation on October 8, 2015. I do not see a record of this important evaluation having been performed. As a physician I would recommend that all patients should follow recommendations for testing whenever medically reasonable. If you choose to follow the medical recommendation of our Radiologist please contact our department of Diagnostics Services at the number above to schedule what could be a very important test. While most abnormalities found on mammography do not turn out to be dangerous it is important that appropriate follow up testing be undertaken in order to assure the best chance of a good outcome. I will attempt arrange for another doctor from our medical group to also try to contact you to help in any way that you would like in following up.

I apologize if I have not correctly understood or addressed your medical concerns.

Regarding further formal responses to your grievance letters, the letters you have received from Mr Fuchs and referenced in your letters are the final responses of UIH Plus through our grievance

A20/A25



process. If you choose to make an appeal to the Illinois Department of Health and Family Services, instructions are included on the page of your UI Health Plus member handbook that you copied and sent to us as "Exhibit I" with your letter to Chris Fuchs dated September 24, 2015.

Again I apologize for any distress or symptoms you have experienced that we might have prevented or reduced in any way while you have been enrolled with UI Health Plus. We invite you to return for care to any of our sites and services as soon as you have symptoms or signs of medical problems, as directed in your member handbook. Please be assured that you're having filed a grievance will have no negative impact on current or future medical care you may seek through UI Health Plus.

Sincerely,

Mark Potter, MD
Medical Director
UI Health Plus
1919 West Taylor St,
Chicago, Illinois
312-996-4575

A21/A25

UIC

Case: 1:18-cv-06900 Document #: 10 Filed: 09/17/17 Page 22 of 59 PageID #:52

IL

University of Illinois Hospital & Health Sciences System
Managed Care MC (972)
820 South Wood Street, Suite W314
Chicago, Illinois 60612

November 27, 2015

Ms. Anna Chronis
3759 N New England Ave
Chicago IL, 60634

Re:     Member's Name:      Anna Chronis
        Plan:               UI Health Plus
        Member ID#:         325715100
        Group Number:       376000511066

**For help to translate or understand this letter, please call 1-877-912-8880 or TDDTTY 1-866-565-8576.**

Dear Ms. Chronis,

I am writing to acknowledge receipt of you r letter dated November 2, 2015. As Dr. Potter indicated in his October 17, 2015 letter to you, the UI Health Plus Grievance Committee has completed its review and has determined your grievance closed and no further action will be taken.

We take members concerns very seriously and our goal is to make every experience with UI Health Plus a positive one, though if you are not satisfied with the resolution provided by UI Health Plus, you have the right to write to:

HFS, Bureau of Managed Care
Attn: CCE Grievances or ACE Grievances
401 S. Clinton, 4th Floor
Chicago, IL 60607

We apologize for any inconvenience.

Sincerely,

Chris Fuchs
Grievance Coordinator
UI Health Plus
Grievances Department

A22/A25

These are examples of when you might want to file a grievance with UI Health Plus:

- Your medical provider or a UI Health Plus staff member did not respect your rights.
- You had trouble getting an appointment with your provider or Care Coordinator, or talking with your provider or Care Coordinator, in an appropriate amount of time.
- You were unhappy with the quality of care or treatment you received.
- Your provider or a UI Health Plus staff member was insensitive to your cultural needs or other special needs you may have.

STEP 1. HOW TO FILE A GRIEVANCE.

If you have a grievance about your Primary Care Provider, UI Health Plus, or the service you have received:

You can call UI Health Plus Member Services at 1.844.810.2273 - Toll Free; or 1.844.910.2237 - Voice/ TTY to report it.

You can put your grievance in writing and mail to:

UI Health Plus
Attn: Grievance Dept.
1240 E. Diehl Road, Suite 100
Naperville, IL 60563

You can email your grievance to UIHealthPlus@uic.edu.

Or you can file your grievance online at www.uihealthplus.org

When you file your grievance, give us as much information as you can. For example, include the date and place the incident happened, the names of the people involved, and details about what happened. Be sure to include your name and your UI Health Plus member ID number.

You can designate another person to help you file a grievance with us. You will need to fill out the Authorized Representative Designation form.

This form is on the UI Health Plus website, www.UIHealthPlus.org. You can also obtain this form by calling UI Health Plus Member Services at 1.844.810.2273 - Toll Free; or 1.844.910.2237 - Voice/ TTY.

STEP 2. REVIEWING YOUR GRIEVANCE

We will make a record of your grievance. We will have someone not involved with the matter you are complaining about review your grievance and try to find a solution. Your satisfaction is important to us.

STEP 3: TAKING ACTION ON YOUR GRIEVANCE

We take action on all grievances within 30 days of receiving it. We will let you know what we decide.

STEP 4: IF YOU ARE NOT SATISFIED WITH THE ACTION WE TAKE ON YOUR GRIEVANCE, YOU MAY MAKE AN APPEAL AND SEND TO:

Illinois Department of Healthcare and Family Services
Bureau of Managed Care
Attn: ACE Grievances
401 South Clinton Street, 6th Floor
Chicago, IL 60607

Someone from HFS will review the matter and follow up with you as quickly as possible.

Questions? Contact UI Health Plus
Member Services: 1.844.810.2273
TTY for the Hearing Impaired: 1.844.910.2273
Website: www.UIHealthPlus.org

A-12/A25